### WALTER A. HUFF v. LENA MARONEY, EXECUTRIX.

Decided April 25, 1900

1. **Registration—Tax Sale—Innocent Purchaser—Inadequate Consideration.**

The fact that property worth $1000 was purchased at tax sale for $30.18, will support a finding by the trial court that the purchaser, because of gross inadequacy, was not an innocent purchaser nor entitled to protection against an unrecorded deed.

2. **Unrecorded Deed—Purchaser for Existing Debt.**

One buying property in consideration of a pre-existing debt is not an innocent purchaser for value, as against the holder of an unrecorded deed.

3. **Deed—Delivery—Registration.**

See facts held to show delivery of a deed from husband to wife, passing title to her, though the deed was not recorded and was afterward destroyed.

4. **Estoppel—Inventory—Executrix.**

An executrix inventorying one-half of a lot of land as estate of her deceased husband was not estopped thereby from claiming legal title to the entire lot through a previous deed from her husband, as against purchasers claiming it under a sale for taxes assessed against the husband.

APPEAL from Harris. Tried below before Hon. WM. H. WILSON.

*W. J. Howard,* for appellant.

*G. H. Pendarvis,* for appellee.

Vol. XXIII. Civil—30

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by appellant Walter A. Huff against Lena Maroney, sole and independent executrix of William Maroney, who died about the 15th day of August, 1898, having by his last will appointed Lena Maroney his executrix to act without bond, for lot No. 8, in Stanley addition to the city of Houston, the action being in form of trespass to try title.

Defendant below answered by general denial and plea of not guilty. The case was tried by the court without a jury, and judgment was rendered for defendant.

*Findings of Fact.*—We find the facts as found by the trial judge, and filed as an agreed statement of facts by the attorneys of both parties, as follows:

The property in controversy, lot 8 in the Stanley addition to the city of Houston, Harris County, Texas, was purchased by William Maroney on April 18, 1872, and for the purposes of this case it is admitted that he then acquired a perfect title thereto and is the common source.

Said William Maroney was married to Lena Maroney, the defendant herein, on April 13, 1888. William Maroney and his wife Lena Maroney occupied the property as their residence and homestead from the date of their marriage to William Maroney's death, which occurred on August 25, 1898. William Maroney left a will devising all his estate to his wife Lena Maroney, and appointing her independent executrix. The will was duly probated and Lena Maroney duly qualified as executrix thereunder, and filed an inventory in said estate sworn to by her, which reads as follows:

"No. 2105, Estate of William Maroney, deceased. Inventory of all and singular the property belonging to the estate of William Maroney, deceased. One-half of lot No. 8 in the Stanley addition to the city of Houston, and improvements. North side of Buffalo Bayou, Harris County, Texas."

Prior to his marriage with said Lena Maroney, said William Maroney was married to his first wife, and the property in controversy was the community property of William Maroney and his first wife, and at her death she left children, the issue of her marriage with Maroney, surviving, who were living at the time of the conveyance of the property by William Maroney to his second wife, Lena Maroney, and said Lena Maroney had knowledge of these facts.

After the death of William Maroney, the defendant Lena Maroney continued to occupy the property as her home, and was so occupying the same when this suit was instituted.

On September 19, 1894, William Maroney executed a deed conveying the property in controversy to his wife Lena Maroney, defendant herein. Said deed was duly acknowledged by William Maroney, and by him delivered to his said wife. After the delivery of the deed to her, said Lena Maroney placed it in the hands of one Adam Clay, to be recorded. Clay filed the deed in the office of the county clerk of Harris County,

Texas, for record, on the day of its date, viz., September 18, 1894. Afterwards, on September 21, 1894, and before the deed had been recorded, Clay, at the request of William Maroney, withdrew the deed from the clerk's office and delivered it to Lena Maroney, and said deed was never recorded. After the deed was returned to her by Clay, Lena Maroney placed the deed in a trunk, the common property of herself and husband, and to which each and no other person had access.

After the death of William Maroney, Lena Maroney made search for the deed in the trunk, and in all other places where there was any reason to suppose it might be found, without finding it, and it is agreed that secondary evidence of its contents is admissible.

On May 18, 1897, the city of Houston brought suit against William Maroney alone for taxes alleged to have been levied upon the property in controversy for the year 1896. In said suit, judgment was rendered in favor of the city of Houston against William Maroney on July 10, 1897, by the District Court of Harris County, Texas for $15.34 and costs, with foreclosure of tax lien upon the property in controversy, and the judgment awarded an order of sale. An order of sale was duly issued, and on December 7, 1897, the property in controversy was sold by the sheriff of Harris County, Texas, to one J. M. Blair for $30.18. The judgment and all proceedings thereunder are admitted to have been regular, and Blair paid the amount of his bid, $30.18 in cash, and received from the sheriff a deed in proper form, and the order of sale was returned satisfied, amount of judgment paid to district clerk. At the time of said sale, the deed to William Maroney was of record in Harris County, Texas.

On July 6, 1898, J. M. Blair conveyed the property in controversy to W. A. Huff, plaintiff herein, for the consideration of $600, which was paid by a credit upon a debt which Blair owed to Huff.

Neither Blair nor Huff, at the time of their respective purchases, knew of the deed made by Maroney to his wife, or that Lena Maroney claimed the property as her separate property. Neither of them made any inquiry as to the ownership of the property, further than an examination of the county records.

The city of Houston or its proper officers, at the time said suit against William Maroney was instituted, and at the time said judgment in said case was rendered, and at the time of the sale by the sheriff to Blair, had no actual knowledge of the unrecorded deed from William Maroney to his wife, or that Lena Maroney claimed the property as her separate property.

The property in controversy, the whole lot, was worth at the time of the sale by the sheriff to Blair and at the sale from Blair to Huff, $1000.

Neither Blair nor Huff, at the time of their respective purchases, knew of the existence of the children of the first wife of Maroney.

The court concluded as the law of the facts as follows:

"1. That the delivery of the deed to Lena Maroney vested the title

in her as her separate estate, and that her subsequent affidavit, not being acted on or relied on by any of the parties, can not divest her title by estoppel.

"2.    That Blair, buying property worth $1000 for $30.18, buys for such grossly inadequate consideration that he can not assert the equity of innocent purchaser for value without notice, and gets only such title as the defendant in execution had.

"3.    That Huff's credit and pre-existing debt does not avail him under the plea of innocent purchaser.

"4.    That the city of Houston is not such 'a lien creditor' as is contemplated in Revised Statutes of 1879, article 4334, and Grace v. Wade, 45 Texas, 527.  To which conclusions of law and fact all parties except."

The facts were proved, as found by the court.

*Opinion.*—We can not say that the court below erred in failing to find that Blair was an innocent purchaser at the sale for taxes.  The court concluded that the price paid was a grossly inadequate consideration, and in such case, the purchaser is not an innocent purchaser.  Nichols-Stuart v. Crosby, 87 Texas, 453, 454, and authorities cited.

Huff purchased from Blair, the consideration being an antecedent debt, and he can not be held to be an innocent purchaser.  The question of grossly inadequate price was one of fact, and was decided by the lower court, and we should not revise the decision in that respect.  Ayres v. Duprey, 27 Texas, 595; Bailey & Pond v. Tindall, 59 Texas, 541, 542; McKamey v. Thorp, 61 Texas, 648, cited and approved in Overstreet v. Manning, 67 Texas, 661; Morrison v. Adoue & Lobit, 76 Texas, 261.  It is true that one purchasing under execution or judgment of court is deemed a purchaser bona fides in all cases where he would be such under a voluntary sale (Revised Statutes, article 2317); but the converse is also true.  The deed of Maroney to his wife Lena was delivered to her at its date, and there is no question but that she had the title of her husband.  It was his title that was sold, and neither Blair nor Huff being innocent purchasers, neither of them can hold the land against her.

Mrs. Maroney was not estopped nor concluded in her right and claim to the property by having inventoried one-half of it as property of the estate of her deceased husband.  White v. Shepperd, 16 Texas, 163-168, et seq.

For obvious reasons, it was not erroneous to admit testimony as to the value of the premises.

We do not deem it necessary to express further views of the case.  We have considered every question raised by assignments, and find no reversible error.  The judgment of the lower court ought to be and is affirmed.

*Affirmed.*

Writ of error refused.