A. C. GREEN ET AL. v. H. G. ROBERTSON.

Decided October 28, 1902.

1.—Judgment—Foreclosure of Tax Lien—Parties.

Where the taxes on land were assessed against the owner by name and thereafter a judgment foreclosing the lien for such taxes was had in an action against the unknown heirs of a former owner, to which the owner was not a party, such judgment was void as to him. League v. State, 56 Southwestern Reporter, 262, said not to hold that the owner of the land is not a necessary party to an action to foreclose a tax lien thereon.

2.—Same—Void Judgment—Collateral Attack.

Such judgment, being void as to the owner, could be called in question by him in an action of trespass to try title brought to recover the land.

3.—Limitations—Trespass to Try Title—Pleading as to Void Judgment.

Where plaintiff sued to recover land sold under a void judgment for taxes, only the statute of limitations as to such action applied, and that his petition set out the facts rendering the judgment void did not change the nature of the action and make applicable the statute fixing the time in which a suit to set aside a judgment or for a bill of review must be brought.

4.—Innocent Purchaser—Burden of Proof.

Where the defendant in trespass to try title enters a plea of innocent purchaser the burden is on him to affirmatively show that he or his vendor had no notice of plaintiff's claim at the time they purchased the land and that they paid a valuable consideration therefor.

5.—Same—Inadequacy of Consideration.

Where land worth $1000 to $1250 was sold for $52.25 under a judgment for taxes against unknown heirs, the purchaser at such a grossly inadequate price, even though without notice, would not, it seems, be protected as an innocent purchaser as against the rights of the true owner who held under an unrecorded deed and was not a party to the tax foreclosure suit.

Error from the District Court of Anderson County. Tried below before Hon. G. H. Gould, Special Judge.

*Gregg & Brooks,* for plaintiffs in error.

*Thos. B. Greenwood,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for the recovery of 666 acres of land situated in Anderson County. In addition to the usual allegations of a petition in action of trespass to try title the plaintiff's petition contains the following allegations:

"That on September 26, 1893, John C. Robertson and Sarah G. Robertson, his wife, being the owners of the land sued for as part of their community estate, executed and delivered to defendant a deed conveying to him the title to the land; that John C. Robertson did not die intestate, but left a will, duly probated, devising his entire estate to his wife, Sarah G. Robertson; that subsequent to the purchase by defendant in error a suit was instituted in the District Court of Anderson County, in behalf of the State of Texas, against the unknown heirs of John C. Robertson, to foreclose a lien for taxes claimed to be due on the land in

controversy for the years 1889 and 1894; that the land in controversy was owned by John C. Robertson and wife in 1889, as disclosed by the public records, and that the delinquent tax records afforded no basis for a claim of lien on the land for taxes for 1889; that the tax rolls and delinquent tax records for 1894 showed 666 acres of the Thomas Bristow survey assessed in the name of the defendant in error, H. G. Robertson, as owner, and the petition in behalf of the State, in said tax proceedings, alleged that the defendant in error was the owner of the land, and yet he was not made a party; that the decree entered in the tax suit attempted to foreclose a lien against the unknown heirs of John C. Robertson for the gross amount of the taxes claimed for 1889 and 1894, and for $5 as fees for an attorney appointed to represent the unknown heirs of John C. Robertson; that an order of sale issued on the decree of foreclosure which included items of costs in excess of those allowed by law, and under this order of sale the land was sold to W. M. Lacy and plaintiff in error P. H. Hughes, the latter having subsequently acquired Lacy's claim and then conveyed the land to plaintiffs in error, A. C. and Shirley R. Green; that the attorneys for the State in the tax suit knew the names and residences of the legal representatives of John C. Robertson and the name and residence of the defendant in error, and yet caused no notice to be given to any of them of the tax suit, decree, or sale; that Lacy and Hughes bought the land for the inadequate price of $52.25, when it was reasonably worth $1500, both Lacy and Hughes and the purchasers under them having full knowledge of all the facts plead by defendant in error and of his title; that defendant in error had no knowledge of the tax suit, judgment, or sale until a few days before he sued plaintiffs in error, and he averred a willingness to do equity and prayed that the tax sale be set aside, and that he have judgment for the title to, and possession of, the land."

The defendants answered by special exception, general denial, and plea of not guilty, and by special pleas setting up the defense of limitation of two years and of innocent purchaser for value without notice, and also prayed in the alternative for recovery of the taxes paid by them on the land, together with the statutory penalty and for foreclosure of tax lien to secure payment of same.

The case was tried below by the court without the intervention of a jury, and judgment was rendered in favor of plaintiff in accordance with the prayer of his petition, and for the defendants for the sum of $25, same being the taxes paid by them on the land. From this judgment the defendants below prosecute this writ of error.

Briefly stated, the material facts disclosed by the record are as follows: Prior to September 26, 1893, the title to the land in controversy was acquired by John C. Robertson as community property of himself and wife, Sarah G. Robertson. On the date above mentioned Robertson and wife conveyed the land to their son, H. G. Robertson, by deed duly executed and delivered. This deed was not filed for record until December 1, 1900. John C. Roberston died in 1895, leaving a will, which was duly

probated, devising his entire estate to his wife, who survived him. In a suit for taxes brought in the District Court of Anderson County against the "unknown heirs of John C. Robertson" a judgment was rendered on May 7, 1898, for taxes due upon said land for the years 1889 and 1894, and foreclosing the tax lien. Under an order of sale issued upon this judgment the land was sold on July 5, 1898, and was bid in by W. M. Lacy for himself and P. H. Hughes for $52.25. At the time of this sale the land was worth from $1000 to $1250. On April 26, 1900, Lacy, for a consideration of $40 conveyed to Hughes "all his right, title, and interest in a half interest" in said land. It was expressly understood by the parties to this deed that Lacy only conveyed his claim of title, and did not warrant same. On November 16, 1900, Hughes conveyed the land by warranty deed to the plaintiffs in error, A. C. and Shirley R. Green, for a consideration of $1000, of which $333.33 was in cash and the remainder in two installments of $333.33, each evidenced by two negotiable promissory notes executed by plaintiffs in error. In the purchase of the land A. C., Green was the agent of Shirley R. Green and purchased same for himself and his principal. A. C. Green knew before his purchase of the land that it was claimed by defendant in error, and was notified before his trade with Hughes was closed that this suit would be immediately brought. The land was rendered for taxes by the defendant in error for the year 1894, and the delinquent tax records of Anderson County named him as the owner. This also appears from the petition in the tax suit. The tax records of Anderson County show that the taxes due on the land for the year 1889 were paid by John C. Robertson. This suit was filed on December 4, 1900. Defendant in error did not know of the tax suit, nor of the sale of his land under the judgment therein, until shortly before this suit was brought.

Under appropriate assignments of error plaintiffs in error assail the judgment of the court below on the following grounds:

First. Because the judgment of the District of Anderson County adjudging that taxes for the years 1889 and 1894 were due upon the land in controversy and ordering same sold to satisfy said taxes was a judgment against the land, and being the judgment of a court of competent jurisdiction, it could not be collaterally attacked.

Second. Because plaintiff's right to attack this judgment is barred by the statute of limitations of two years.

Third. Because the evidence shows that the defendants were innocent purchasers for value, and judgment should have been rendered in their favor on this ground.

None of these objections to the judgment of the court below can be sustained. It is true that the judgment in the tax suit was a judgment against the land, and was rendered by a court of competent jurisdiction of the subject matter of the suit, but this does not make it a valid judgment against the owner of the land who was not made a party to the suit and had no notice that such suit was pending until long after the judgment therein was rendered. The undisputed evidence shows that at

the time the tax suit was filed defendant in error was the owner of the land. The delinquent tax record of Anderson County upon which the suit was brought designates defendant in error as the owner, and yet he was not made a party to the suit, and no notice of any kind was given him of its institution. The suit was not against the unknown owner or owners of the land, but against the unknown heirs of John C. Robertson, and we are not called upon to pass upon the question of whether, had the suit been against the unknown owner of the land, a judgment therein would have concluded the defendant under the facts in this case. We think it clear that a judgment for taxes against the unknown heirs of John C. Robertson is absolutely void as to the owner of the land against which the taxes were adjudged who had no notice of the suit and who owned the land not as an heir of John C. Robertson but by purchase long prior to the bringing of the suit.

The case of League v. State, 56 Southwestern Reporter, 262, cited by plaintiffs in error, does not support the proposition that the owner of the land is not a necessary party in a suit to foreclose a tax lien. That case only goes to the extent of holding that in a suit of this character it is not required to make the owner of the land at the time the taxes were laid a party. The statute under which such suits are brought does not authorize a personal judgment against the owner for the taxes, but only provides for a judgment against the land. For this reason it was held that owners of the land at the time the taxes were assessed were not necessary parties, and that the provision of the statute that the "proper persons shall be made parties defendant in such suit and shall be served with process" was fully met by making the owner of the land at the time the suit was brought the sole defendant. This case, so far from sustaining plaintiffs in error's contention is, at least by fair implication, strongly against it.

It is unnecessary to cite authority upon the general proposition that no person can be held bound by a judgment in a suit to which he was not a party, and of which he had no notice. To hold otherwise would be in violation of a fundamental principle of our system of jurisprudence and in direct conflict with the constitutional provision which guarantees that no person shall be deprived of property except by due course of law.

The defendant in error not being a party to the suit in which the judgment of foreclosure was rendered against his land, is not bound by such judgment. As to him such judgment is void, and the rule which forbids a collateral attack upon the judgment of a court of competent jurisdiction has no application, for the reason that no court has jurisdiction competent to establish a lien upon the property of a person who is not a party to the suit in which such lien is sought to be fixed and is not given an opportunity to be heard in defense of his property rights.

This is not a suit to set aside a judgment, and no such relief is sought in the petition. The suit is for the recovery of land, and the facts pleaded in regard to the foreclosure suit are pleaded for the purpose of showing that the judgment therein obtained is void and can not support

the sheriff's deed to the land under which plaintiffs in error claim title. Such being the nature of the suit, it follows that the statute of limitation of actions for the recovery of land are alone applicable, and the statute which fixes the time in which a suit to set aside a judgment, or a bill of review, may be brought, does not apply.

The plea of innocent purchaser is not sustained by the evidence. The burden was upon plaintiffs in error to show that they or their vendors had no notice of defendant's claim at the time they purchased the land, and that they paid a valuable consideration for same. Rogers v. Pettus, 80 Texas, 425; Turner v. Cochran, 94 Texas, 480.

There is no evidence showing that Lacy, who purchased the land at the tax sale for himself and Hughes, did not know of defendant's claim to the land at the time he purchased same, and the evidence does show that plaintiffs in error purchased with full knowledge of defendant's claim. Had the evidence shown that Lacy and Hughes bought without notice, we are of opinion that the amount paid by them for the land was so grossly inadequate that a court of equity would not protect them against the superior title of a defendant in error upon the ground that they were innocent purchasers for value without notice. Nichols-Stewart v. Crosby, 87 Texas, 443; Huff v. Maroney, 23 Texas Civ. App., 465.

We think the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.