### GEORGE E. DOWNS v. M. M. STEVENSON ET AL.

Decided May 26, 1909.

**1.—Innocent Purchaser—Consideration.**

To constitute an innocent purchaser there must be a purchase without notice, actual or constructive, of the outstanding claim urged against the thing purchased, and there must have been the payment of a valuable consideration, though the consideration need not be a full and adequate one.

**2.—Same—Burden of Proof—Charge.**

One who claims to be a purchaser in good faith must prove that claim, and

if there be any fact or circumstance tending to show that he is not a purchaser in good faith, the question is one of fact for the jury and can not be assumed by the court.

### 3.—Same—Inadequate Consideration.

If the consideration paid is so grossly inadequate as to shock the conscience, a court of equity might so declare, but usually the adequacy of the consideration is a question of fact to be presented to the jury on the issue of good faith.

### 4.—Same—Charge—Invited Error.

Where, in trespass to try title, the plaintiff and intervener claimed title from a common source, namely, the heirs of A., the intervener claiming an undivided one-sixth interest in the land as a purchaser from one heir in good faith without notice of the prior unrecorded deed, and it appeared that he paid fifty dollars for the land which was worth twenty dollars an acre, and that he got 106½ acres but thought he was buying 213, the issue of good faith was for the jury, and an instruction that he was entitled to recover such interest if there was a deed connecting the title of A. with the sovereignty of the soil, was error; but. the plaintiff having tried the case on the theory that the intervener was entitled to recover the one-sixth interest, and having asked a charge giving such interest to him, could not avail of such error to reverse the judgment as to intervener, especially as no complaint was made of the charge at .the trial or. in the motion for new trial.

### 5.—Charge—Invited Error.

A party can not try his case upon one theory in the lower court and upon another in the appellate court While he will not be precluded from complaining of the charge because he adopts the same theory in his requested charges, he will be when he ratifies and agrees to an instruction in favor of one of the parties in opposition.

### 6.—Innocent Purchaser—Good Faith—Defective Title.

The purchase of a defective title is a circumstance that can be looked to in determining good faith. but standing alone will not necessarily establish bad faith.

### 7.—Same.

If the purchaser believed he was purchasing all the title his vendor ever had, and was without notice of any adverse claim from the same common source, and paid a valuable consideration, he was an innocent purchaser so far as the claims of those who deraigned title from the common source were concerned.

### 8.—Same.

The character of innocent purchaser is established by the payment of a valuable consideration in good faith of the party claiming the benefit of such position. The law does not require proof of the payment of such a consideration by other parties in the chain of title.

### 9.—Same—Notice of Adverse Claim.

That the purchaser had notice of some claim against the land prior to the deed to the common source did not, as a matter of law, determine his attitude as an innocent purchaser in so far as the claim of one who deraigned title from the common source was concerned.

### 10.—Same—Evidence—Declarations of Vendor.

The fact that before the purchase the vendor told the vendee that he had not sold the land was admissible in evidence, on the issue of innocent purchaser, as bearing on the question of diligence in seeking information as to the state of the title, and the vendee could testify to such fact.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*Goodrich & Synnott* and *T. D. Cobbs,* for appellant.—The want of notice, payment of a valuable consideration, and good faith are affirmative matters that must be proved by him who relies upon the plea of innocent purchaser without notice as a defense, and the failure to prove all or either of the three is fatal to the plea, and where the plea is contested and there is conflicting testimony relied upon by either party and the question of innocent purchaser without notice and for value resolves itself into a matter of fact, it then becomes a question for the jury and should be referred to them by the court under proper instructions, as it is not the province of the court to judge of the weight of the evidence where the evidence is conducive to prove a proposition relied upon by either party to the suit. Parker v. Leman, 10 Texas, 119; Waul v. Hardie, 17 Texas, 559; Hines v. Perry, 24 Texas, 453; Patton v. Rucker, 29 Texas, 407; Bradstreet v. Gill, 72 Texas, 119; Wilson v. Denton, 82 Texas, 531; Nichols-Steuart v. Crosby, 87 Texas, 443; Hanrick v. Gurley, 48 S. W., 1003.

Defendant J. T. McGown was not an innocent purchaser of and did not purchase the land claimed by him in good faith, and he could not have believed and did not honestly believe that he was acquiring the legal title to this land from Levi T. Allen at the time he purchased it, and the deed he received from Levi T. Allen conveyed no title or interest in the land to him, and the court in its charge should have so instructed the jury. The consideration paid by defendant for the land was greatly less than its market value and was a fact sufficient to charge defendant with notice that the title which he was purchasing was imperfect and that his vendor had no right to sell. York v. McNutt, 16 Texas, 16; Johnson v. Newman, 43 Texas, 641; Hill v. Moore, 62 Texas, 613; Johnson v. Lyford, 9 Texas Civ. App., 92; Vattier v. Hinde, 7 Peter, 269, 8 Law ed., 682; Texas Lumber Co. v. Branch, 60 Fed. Rep., 202; Farmers' Bank v. Kimball Milling Co., 1 So. Dak., 400; Alabama Coal & Coke Co. v. Gulf Coal & Coke Co., 7 L. R. A. (N. S.), 712; Woolridge v. Thiele, 17 S. W., 340; Fargason v. Edrington, 4 S. W., 763; Johnson v. Lyford, 9 Texas Civ. App., 92.

*Hamilton & Minton,* for appellee J. T. McGown.

FLY, Associate Justice.—This is an action of trespass to try title instituted by appellant against the unknown heirs of Jesse J. Robinson, and the heirs of James S. and Elizabeth Ogden, and the heirs of Jacob Crawford, Sr., and J. M. Crawford, to the James S. Ogden survey of 640 acres in Sabine County. A suit of appellant for the same land against A. D. Hamilton and J. T. McGown was consolidated with the original suit. A. E. Davis intervened in the consolidated suit, claiming an undivided one-sixth interest in the land. The cause was tried by jury and resulted in a verdict and judgment for appellant for two-thirds of the land, for J. T. McGown for one-sixth of the land, and for the intervener, A. E. Davis, for the remaining one-sixth. This appeal is perfected by George E. Downs alone.

Appellant, McGown and Davis claimed title from a common source, namely, the heirs of Thompson Allen. McGown disclaimed all interest in the land except two-sixths of it, which he claimed through a

deed from A. D. Hamilton for himself and as the attorney-in-fact for Levi T. Allen. McGown's deed from Hamilton was dated January 18, 1906, and he claimed to be an innocent purchaser for value without notice of any claim to the land on the part of any one.

The intervener, A. E. Davis, claimed title to an undivided one-sixth interest in the land through a deed from Cornelia L. Oliver, nee Allen, to John A. Morris, dated May 26, 1905, and a deed from Morris to said Davis of date May 26, 1905, and claimed to be a purchaser in good faith without notice of adverse claims. A. D. Hamilton disclaimed all interest in the land.

The evidence showed that Mrs. Cornelia L. Oliver was a daughter and one of the six heirs of Thompson Allen, and owned a one-sixth interest in the 640 acres owned by her father. On July 22, 1879, she sold her interest in the land to her brother, Levi T. Allen, and the latter sold his one-sixth interest and that of Mrs. Oliver to W. W. Weatherred, through whom appellant claims those portions of the land. The deed from Mrs. Oliver to L. T. Allen and his deed to Weatherred were not placed on record until February, 1907, more than a year after Mrs. Oliver sold to McGown. The deed from Mrs. Oliver to Davis was on record when McGown bought from L. T. Allen, and McGown claims only the interest of L. T. Allen in the land.

At the time that Davis and McGown bought the land which they claim and which was adjudged to them, there were no muniments of title on record connecting Thompson Allen, the common source, with the sovereignty of the soil. The evidence showed that a patent was granted to James S. Ogden in November, 1848; that Ogden sold to Jesse J. Robinson on April 19, 1841, and the deed was recorded in April, 1841; that S. Aaron and others sold the land to Thompson Allen on February 26, 1870, and the deed was recorded in 1870. No deed from Jesse J. Robinson or his heirs or representatives was shown. Under these circumstances the court instructed the jury as follows:

"You are instructed that before any one can recover in this suit you must find and believe from the evidence in the case that Jesse J. Robinson made a deed for the land in controversy to Jacob Crawford, Sr., and in determining this issue you may look into all the facts and circumstances before you. The continuous claim of parties holding under the assumed deed, the non-claim of Jesse J. Robinson and his heirs to the land in controversy, the payment of taxes by the party asserting the title to the land, and all other facts and circumstances before you showing the existence of the alleged lost deed. Now, if you believe from the evidence in the case that Jesse J. Robinson made and executed a deed to Jacob Crawford for the land in controversy, then you are instructed to find for the intervener, A. E. Davis, for 106 2-3 acres of the land in controversy, and for the plaintiff for the balance, unless you find in favor of the defendant, McGown, on his plea of innocent purchaser."

The last clause of that instruction is attacked in the first assignment. It is the contention that the court should not have made the right of Davis to recover rest on the execution of a deed to Jacob Crawford by Jesse J. Robinson without a reference as to whether Davis was, as he claimed, a purchaser in good faith. One who claims

to be a purchaser in good faith must prove that claim, and if there be any fact or circumstance tending to show that he is not a purchaser in good faith, the question is one of fact for the jury and can not be assumed by the court. To constitute an innocent purchaser there must be a purchase without notice, actual or constructive, of the outstanding claim urged against the thing purchased, and there must have been the payment of a valuable consideration. The consideration need not be a full and adequate one. (Johnson v. Newman, 43 Texas, 628; McKamey v. Thorp, 61 Texas, 652; Hume v. Ware, 87 Texas, 380; Nichols-Steuart v. Crosby, 87 Texas, 443.) If the consideration is so grossly inadequate as to shock the conscience, a court of equity might so declare, but usually the adequacy of the consideration is a question of fact to be presented to the jury on the issue of good faith. (Wilson v. Denton, 82 Texas, 531.)

The burden in this case to establish the claim of good faith rested in the one instance on Davis, and in the other on McGown, and it would follow that the court erred in assuming that Davis should recover if the jury found that a certain deed of a remote vendor was made. That deed may have been executed and the title in every other respect have been perfect, and yet Davis not have been an innocent purchaser. The land was shown to have been worth at least $20 an acre when Davis purchased it for $50. He got by his purchase only 106½ acres, but thought he was buying 213 acres, and his good faith must be measured by his intent at the time. The error in the charge would necessitate a reversal unless it appears that the error was acquiesced in by appellant.

Appellant made no complaint whatever in the lower court of the charge, and on the other hand, in the motion for new trial, seemed to acquiesce in and ratify the virtual instruction of the court in favor of Davis. This standing alone might not be deemed a waiver of any error made in favor of Davis, but in addition thereto appellant, in express terms, ratified and agreed to the instruction of the court by asking the following charge: "You are instructed to return a verdict for the plaintiff for the land sued for, save and except the interest which the court has instructed you to find for the defendant, Ed Davis, and your verdict should be: 'We, the jury, find for the plaintiff for the land sued for as against the defendant, J. T. McGown, for all the land included in plaintiff's petition, and as against Ed Davis for all the land sued for except one-sixth interest in the land sued for and claimed by the plaintiff.'" By that charge appellant waived any objection to the charge criticized in the first assignment which could have formed a basis for no larger verdict than that conceded by appellant in his requested charge. In no requested charge did appellant question the right of Davis to recover, nor is it questioned in the motion for new trial, but complaint is made in that motion that the court did not give the charge herein copied, in which there is an admission of the right of Davis to recover. The name of Davis is not mentioned in the motion for new trial, but the whole of it is a complaint in connection with McGown. The record clearly indicates that appellant in his requested charge was not merely following the line of legal ruling laid down by the court in which he did not acquiesce, but that he was

following up the theory upon which the whole cause was tried, namely, that he had no cause of action against Davis. He can not try his case upon one theory in the lower court and upon another in this court. We understand that a party will not be precluded from complaining of the charge of the court because he adopts the same theory in his requested charges, but that is a different proposition from ratifying and agreeing to an instruction in favor of one of the parties in opposition. That would be an admission that, in so far as the party in whose favor a verdict was instructed is concerned, the plaintiff had no claim.

There is no force in the contention that McGown and Davis could not be purchasers in good faith if there was a missing link in the chain of title back of the common source. The only transaction concerning which their good faith could be called in question was their purchase of the land at a time when it had already been actually sold to appellant. So far as the heirs of Jesse Robinson, in whom the record title was invested, were concerned, they might not have been innocent purchasers, and still they could assume that position towards any one claiming from a common source with them. If they believed that they were buying all the title their vendors ever had as heirs of Thompson. Allen, and, without notice of any adverse claim from the same common source, paid a valuable consideration for the land, they were innocent purchasers so far as the claims of those were concerned who deraigned title from the common source. It is true that the purchase of a defective title would be a circumstance that could be looked to in determining good faith, but standing alone it would not necessarily establish bad faith.

There is no merit in the second assignment of error. The payment by Davis to his immediate vendor of a valuable consideration was all that was demanded of him. The law does not require proof of the payment of. a valuable consideration by other parties in the chain of title, but the character of innocent purchaser is established by the payment of such consideration in good faith of the party claiming the benefits of such position.

The evidence justified submission of the issue as to McGown being an innocent purchaser, and, therefore, the third assignment of error, complaining of such submission, must be overruled. An inspection of the record did not reveal the existence of appellant's claim or that of his vendors to the land, and the adequacy of the consideration of $500 paid by McGown was a question of fact to be determined by the jury in arriving at the good faith, or not, of McGown. McGown may have had notice of some claim against the land by parties which accrued prior to the deed to the common source, but that fact did not, as a matter of law, determine his attitude as an innocent purchaser in so far as the claim of appellant to the land was concerned. McGown swore that he did not know of the existence of the deed made by L. T. Allen to Weatherred at the time he purchased and paid for the land. The evidence of A. E. Davis tends to show the contrary, but that conflict was one to be settled by the jury. McGown swore: "I paid a valuable consideration for this land, at least I thought so. I had no notice at all that L. T. Allen had ever conveyed this land, and none that I could find on record at all, and he also told me himself

that he had not conveyed it.  I paid the consideration of $500 for this land. . . . I never had any talk with Mr. Davis about this matter at all before I paid the money, but I did have a talk with him after I had bought the land."  According to his testimony he knew nothing of any of the unrecorded deeds until after he had received his deed from Hamilton and had paid the purchase money.  This disposes of the fourth, fifth and sixth assignments as well as of the third.

The seventh and eighth assignments of error are reiterations of the first and are disposed of by the consideration thereof.  So also is the ninth assignment of error disposed of under the first.

The requested charge, whose rejection is complained of in the tenth assignment of error, was given in the charge of the court in so far as it contained the law applicable to the case.

The eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth and seventeenth assignments of error are overruled.  They are disposed of by the conclusions of fact and by what has been said in regard to other assignments.  They merely reiterate the substance of other assignments which are fully discussed herein.

McGown stated L. T. Allen had told him before he bought the land that he had not sold it, which was objected to as being irrelevant, immaterial and self-serving, the last objection being the only one relied on in this court.  The court properly overruled the objection and permitted the testimony as bearing on the question of diligence in seeking information as to the state of the title.  The eighteenth assignment of error, which presents this point, could with entire propriety be disregarded, as there is no such statement thereunder as is required by the rules.  The page of the transcript, where the bill of exception which forms the only basis for the assignment can be found, is not given, nor the substance of such bill of exceptions stated.

The power of attorney from L. T. Allen to Hamilton was properly admitted.  It gave authority to Hamilton to execute the deed to McGown.  The nineteenth assignment of error is therefore overruled.  The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

Suppose that the charge requested by appellant had been given, and the jury had returned a verdict exactly as directed by that charge; would appellant be in a position to complain of it?  Could he evade the responsibility of asking the jury to return a verdict for Davis for one-sixth of the land, by a plea that the court had already given the same instruction?  We think not.  Appellant's position is quite different from that of a party who has followed the ruling of the court on a point of law.  There was no proposition under the fourth, fifth and sixth assignments raising any question as to the definition given of constructive notice.  However erroneous or defective the definition may have been, it is not a fundamental one—that is, such error as goes to the foundation of the action—as it is now claimed to be by appellant.  The proposition under the three assignments of error had no connec-

tion with them, and tried to raise questions utterly foreign to them. The motion is overruled.

*Overruled.*

Writ of error refused.