**CHESNUT v. SPECHT et al.    (No. 7345.)**

(Court of Civil Appeals of Texas. San Antonio. April 22, 1925. Rehearing Denied May 20, 1925.)

1. **Homestead** ⬤⟳57(2)—**Articles of adoption, making another defendant's child and heir, properly admitted as establishing defendant's right to homestead.**

In action for recovery of title and possession of land by virtue of levy and sale under judgment, in which defendant alleged homestead right in property, articles of adoption, making another the child and heir of defendant, was relevant and properly admitted to establish defendant's right to homestead.

2. **Appeal and error** ⬤⟳930(3)—**Plaintiff, failing to request submission of issue as to good-faith conveyance by defendant to another, presumed to have waived such question.**

Where plaintiff, suing for recovery of title and possession to land, did not request any issue submitting question of good faith of conveyance by defendant to another, it will be presumed that plaintiff waived question, and, if not, it will be presumed that trial court, in support of judgment rendered against plaintiff, found that such conveyance was lawfully made in good faith for valuable consideration, and vested good title which presumption defendant could overturn only by showing facts to contrary.

3. **Execution** ⬤⟳273—**Payment of $90 for homestead worth $6,000, sold under execution, too grossly inadequate to support doctrine of bona fide purchase.**

A payment of $90 for an improved homestead, sold under execution and valued at $6,000, is too grossly inadequate and disproportionate to appeal to conscience of court of equity as supporting doctrine of bona fide purchase.

4. **Homestead** ⬤⟳17—**Status of adopted child same as natural child for purpose of creating "family" homestead.**

A good-faith adoption of child creates legal relation of parent and child, constituting a "family" within meaning of Constitution and laws, and child's status for purpose of creating family homestead is recognized the same as natural child.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Family.]

5. **Homestead** ⬤⟳167—**Head of family continuing in possession of homestead after conveyance entitled to claim homestead right.**

Where defendant, at time of conveyance of property to his daughter, was head of a family and continued in possession of property, using it as a home with his daughter and entitled to life estate occupancy under agreement, *held*, that defendant was entitled to claim homestead right after such conveyance.

Appeal from District Court, Tarrant County; Hal. S. Lattimore, Judge.

Action by S. D. Chesnut against Chas. Specht and others. Judgment for defendants, and plaintiff appeals. Affirmed.

F. M. Brantly, of Fort Worth, for appellant.

John L. Poulter, of Fort Worth, for appellees.

COBBS, J. Appellant sued appellees for the recovery of the title and possession of four small tracts of land aggregating 16 acres, in Tarrant county, near Fort Worth. Appellant also pleaded his title by virtue of a levy and sale under a judgment recovered against Chas. Specht, appellee, and others, alleging that appellees Theo. Koenig and wife, Bertha Koenig, were asserting some character of claim to the land.

Appellees filed a joint answer consisting of the usual general demurrer, general denial, and not guilty, and then specially pleaded that the appellee Bertha S. Koenig was the legal and equitable owner in fee simple of the property in controversy and had owned all of said lands since the 4th day of May, 1921; and further that appellee Chas. Specht, during all of the times and dates mentioned in appellant's petition, and for many years prior thereto, was the head of a family consisting of himself and his legally adopted daughter, Annabert Bennett, a minor, who was legally adopted by said defendant on March 28, 1921, by an adoption declaration duly recorded on said date in Volume 683, page 532, of the Deed Records of Tarrant County, Tex., and that all of said property had for many years been actually used and occupied by said defendant and his adopted daughter as a homestead, and was during all the times mentioned in plaintiff's petition exempt by the laws and Constitution of this state from forced sale for the payment of debts; and that said property was so exempt on the 4th day of May, 1921, when he sold and conveyed same to defendant Bertha S. Koenig, and was still so exempt to him since said conveyance; and that he was still using and occupying same.

Upon the trial of the case the uncontradicted evidence, in substance, revealed the following undisputed facts: That on May 4, 1921, appellee Chas. Specht was actually using and occupying the property in controversy as a homestead, together with his adopted daughter, and on said date sold and conveyed said property to appellee Bertha S. Koenig, who, together with her family, from said date forward was in the actual, visible, and notorious possession of said property, using and occupying same as a homestead together with appellee Chas. Specht and his said adopted daughter, who remained as a part of the family. The land was shown to have a value of some $6,000 or $8,000. The property was sold under execution as

the property of Chas. Specht, with some personal property, and was purchased at the sheriff's sale by appellant for $90 for the farm and $25 for three Jersey cows and $50 for the automobile. No money was paid, but the judgment was credited with these amounts.

It was shown that appellant did not pay out any money for his title to the lands in controversy, but claimed his title by virtue of a bid of $90, which amount was credited on the judgment. The witness Theo. Koenig testified as follows:

"This $90 for this farm, and the $25 for the three Jersey cows, and the $50 for the automobile, was given as a credit on this judgment. No money ever passed to anybody."

The record in this case shows that prior to May 11, 1922, the appellant, S. D. Chesnut, sold or traded an old secondhand automobile to a negro by name of Jeff Cleaver, and for a part of the consideration had the old negro to execute to him certain notes secured by a chattel mortgage on the automobile, and also further secured by a mortgage on "three Jersey cows, to wit, one cow valued at $125.00, one other cow valued at $75.00, and one cow valued at $50.00."

The appellant, as a witness, testified as follows:

"This all grew out of a secondhand automobile transaction. I once owned the automobile and sold it to a negro, and I got the same automobile back, and in addition I got three Jersey cows."

At the suit of appellant on the negro's notes and to foreclose his lien on the automobile and the three Jersey cows, a writ of sequestration was sued out, and the old negro, to secure the temporary use of the automobile, made a replevy bond with appellee Chas. Specht as a surety, which is the foundation of appellant's title to appellees' homestead.

The property was conveyed by appellee Specht to his daughter Bertha S. Koenig, the mother of the adopted child, on May 4, 1921; but prior thereto, on March 28, 1921, he legally adopted his grandchild, which adoption was duly recorded March 28, 1921, by the following instrument:

"Know all men by these presents: That I, Chas. Specht, a widower, of Tarrant county, Tex., do this day make and enter into the following declaration of legal adoption, to wit: Whereas, Annabert Bennett, the daughter of my daughter, Mrs. Bertha Koenig (formerly Bertha Bennett), now wife of Theo. Koenig, and who is now nine years of age and was born at my house and has always lived with me, and for whom I have much attachment and affection, and feel toward her, my said grandchild, Annabert Bennett, the same affection and responsibility as though she were my own child; and wishing to confer upon said Annabert Bennett, who now and has always lived and resided with me, all the rights and privileges, both in

law and in equity of a legal heir, do in consideration thereof, hereby adopt the said Annabert Bennett, as my legal heir, to all the intents and purposes of the statutes of this state in such cases made and provided."

The case was tried with a jury upon special issues which, with the answers thereto, are as follows:

"1. Were the tracts of land in question used by defendant Specht as his home on May 11, 1922? Answer yes or no. Answer: Yes.

"2. Were the tracts in question used by the defendant Specht as his home on November 10, 1922? Answer yes or no. Answer: Yes.

"3. On May 11, 1922, was the defendant Specht the head of a family? Answer yes or no. Answer: Yes.

"4. Was he the head of a family on November 10, 1922? Answer yes or no. Answer: Yes."

The court in that connection further instructed the jury as follows:

"In connection with questions 3 and 4, you are instructed that a family need not necessarily be a parent and his children. It may be constituted by an adult who has living with him some minor, which minor is dependent upon the adult, and upon which adult there exists a moral permanent obligation as the head of the family to support and maintain the minor."

On the return of the findings of the jury as above, the court rendered judgment that plaintiff take nothing by reason of the suit, and that the defendant Bertha Koenig recover from plaintiff the title and possession of the lands in question and be quieted in her title thereto.

[1] There was no error, as complained of by appellant, in permitting the introduction of the articles of adoption making Annabert Bennett the child and heir of Chas. Specht. This established her status as that of a minor child, as constituting part of the family and heir, capable of inheriting Chas. Specht's property. It was relevant and proper to establish appellees' right to a homestead.

The court did not err in refusing appellant's request for an instructed verdict.

The third assignment is too general, vague, and indefinite to have any merit in it. The charge of the court was applicable and based upon issues raised by the pleading.

The fourth assignment is overruled. The charge presented a correct definition of the law with reference to the family in connection with the homestead rights, and is fully supported and justified from the standpoint of the testimony introduced.

The charge of the court is supported by the evidence, because the evidence shows that many years before the judgment, levy, and sale, Chas. Specht was living on said place as his homestead and his daughter, her husband, and his granddaughter lived thereon with him as constituent parts of his family; that they never abandoned it or lived elsewhere, except his daughter for a

short while. When Specht conveyed the land, a part of the contemporaneous agreement and consideration was that he had the right to live on the place and enjoy it as a home as long as he lived, and that he continued in the possession and control of the same, the same after as before he sold. There was never any change in the status.

[2] The property being conveyed to Bertha S. Koenig on May 4, 1921, and appellant not requesting any issue to be submitted to the jury touching the good faith of the conveyance, it will be presumed that appellant waived that question. If not, in the absence of submitting any issue thereon, it will be presumed that the trial court, in support of his judgment, found that such conveyance was lawfully and legally made in good faith for a valuable consideration and vested a good title. This presumption could only be overturned by appellant showing facts to the contrary, which was not done, because the burden to do so was on him. Downs v. Stevenson, 56 Tex. Civ. App. 211, 119 S. W. 315; Ackers v. Fazier (Tex. Civ. App.) 220 S. W. 426; Niles et al. v. Houston Oil Co. (Tex. Civ. App.) 191 S. W. 748; Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54; Turner v. Cochran, 94 Tex. 480, 61 S. W. 923; Baldwin v. Root, 90 Tex. 546, 40 S. W. 3; Lindsay v. Freeman, 83 Tex. 259, 18 S. W. 727.

[3] The property was an improved homestead. Appellant stated that he did not know "that it is worth $6,000." He did not pay any money on it, did not state its value, only gave a credit on the judgment against Specht. The credit of $90, if actually paid, would be grossly inadequate, insufficient, and too disproportionate to appeal to the conscience of a court of equity as supporting the doctrine of a bona fide purchase. Nichols-Steuart v. Crosby, 87 Tex. 443, 29 S. W. 380; Huff v. Maroney, 23 Tex. Civ. App. 465, 56 S. W. 754; Green v. Robertson, 30 Tex. Civ. App. 236, 70 S. W. 345; Carpenter v. Anderson, 33 Tex. Civ. App. 484, 77 S. W. 291.

[4] We overrule appellant's contention that the facts in this case do not support appellees' contention of homestead. We do not think the question is open in this state. In similar cases of adoption of children their status for the purpose of creating a family homestead is recognized; the same as a natural child. In this respect the law knows no difference. When made in good faith, it creates the legal relation of parent and child and constitutes a "family" within the meaning of our Constitution and Laws. Wolfe v. Buckley, 52 Tex. 641; Mullins v. Looke, 8 Tex. Civ. App. 138, 27 S. W. 928; Tunnell v. Johnson (Tex. Civ. App.) 209 S. W. 451; Bank of Orange v. Sokolski (Tex. Civ. App.) 150 S. W. 312; Barry v. Hale et al., 2 Tex. Civ. App. 668, 21 S. W. 785; Smith v. Wright, 13 Tex. Civ. App. 480, 36 S. W. 324; Amr. Nat. Bank. v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 784; First Nat. Bank v. Sokolski, 62 Tex. Civ. App. 324, 131 S. W. 818.

[5] The contention of appellant that Chas. Specht cannot claim a homestead right after conveying to Bertha S. Koenig, his daughter, is without merit. He had always been and continued in possession of the property and using it as a home and has, under the terms of the agreement, a life estate occupancy. Bank v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 784; Cobern v. Stevens (Tex. Civ. App.) 167 S. W. 207; Brown et al. v. Moore (Tex. Civ. App.) 64 S. W. 781; Gaar Scott & Co. v. Burge, 49 Tex. Civ. App. 599, 110 S. W. 181.

When this property was conveyed Chas. Specht was the head of a family and continued as such and was entitled to a homestead right as much so as the spinster was in Bank v. Cruger, supra.

We have carefully read and considered each and every one of the assignments and propositions presented by appellee, and finding no reversible error assigned, the judgment of the trial court is affirmed.