## McANALLY v. PANTHER.
### No. 671.

Court of Civil Appeals of Texas. Eastland. March 14, 1930.

Roy Formway, of Roby, and Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

Ferrell & Yates, of Roby, and M. A. Hopson, of Sweetwater, for appellee.

HICKMAN, C. J.

This suit was instituted by appellee Harley T. Panther against T. H. McManus and wife, Edna McManus, upon six promissory notes aggregating $5,180, besides interest and attorneys' fees. The notes were executed in part payment of real estate conveyed by appellee to McManus. The deed of conveyance was absolute on its face, and recited that all the consideration was paid in cash. No vendor's lien was retained in the deed. The notes recited that they were given for the purchase price of the land, and that a vendor's lien was retained in the conveyance to secure the payment thereof. The petition alleged that it was agreed between Panther and McManus at the time the deed and notes were executed that McManus would execute a deed of trust upon the land to secure the notes, but that he had failed to do so. J. B. McAnally, as trustee, purchased the land from McManus, and he, individually and as trustee, was made a party defendant, it being alleged that he was asserting some character of interest in, or claim to, the property. Judgment was sought against McManus and wife for the principal, interest, and attorneys' fees of the notes, and against all of the defendants for a foreclosure of the vendor's lien against the land. McAnally pleaded that he and his cestui que trust were bona fide purchasers for value, without notice of the lien asserted by Panther.

The jury found, in answer to the special issues submitted, that: (1) J. B. McAnally, as trustee for the Royalties Marketing Syndicate, did not act in good faith in the acquisition of the property from McManus and wife; (2) that he did not pay a valuable consideration for the land; (3) that he had actual knowledge of the existence of plaintiff's lien prior to the purchase by him of the property; (4) that he had knowledge of facts sufficient to have put him on inquiry as to plaintiff's lien prior to the purchase of the property; (5) that McManus made the sale of the land to McAnally for the purpose of defrauding his creditor, Panther; and (6) that McAnally knew that McManus was making the sale for that purpose.

Upon this verdict of the jury, judgment was rendered in favor of Panther against McManus and wife for the principal, interest, and attorneys' fees of the notes and, as against all of the defendants, for a foreclosure of the vendor's lien upon the property.

McAnally, individually, and as trustee for the Royalties Marketing Syndicate, has appealed.

Appellant presents twenty-one propositions for reversal, based upon thirty-two assignments of error. Under our view of the rules of law governing the disposition of this appeal, it becomes unnecessary to discuss these various propositions. In our opinion, no other judgment could have been properly rendered, as against McAnally, individually, and as trustee, than the one which was rendered, and the jury should have been instructed peremptorily to return a verdict in favor of appellee as against McAnally. None of the alleged errors in the court's charge and in the admission of evidence relate to what we conceive to be the controlling question, as established by the undisputed testimony, and if the court did err in his charge and in his rulings on the admissibility of evidence in the particulars complained of, such errors were immaterial.

It appears from the evidence that McAnally was the sole trustee of the Royalties Marketing Syndicate. As such trustee, he acquired mineral interests in lands in West Texas, for which interests he executed certificates to the vendors. The royalties from oil and gas from the interests owned by the syndicate were to

be paid to McAnally as trustee. Out of these funds accruing to the syndicate, McAnally was to deduct, all of his operating expenses and obligations incurred in the administration of the trust, including clerical hire, office expenses, commissions to agents, and traveling expenses. After the deduction of all of these expenses, McAnally was to receive 50 per cent. of the balance, and the other 50 per cent. should be distributed to the certificate holders. Each certificate holder was entitled to 50 per cent. of the net profits from the syndicate in the proportion which his certificate bore to the total amount of all outstanding certificates.

McManus and wife conveyed this land to McAnally, as trustee, by a general warranty deed, the exact consideration paid by McAnally and his syndicate for the land being testified to by McAnally as follows: "For executing that deed I paid T. H. McManus Certificate No. 263, for four thousand dollars interest in the Royalties Marketing Syndicate. No one else paid him anything, to my knowledge. I did not pay him by check or draft, but by Certificate No. 263, as stated above. I did not pay him in cash. The exact consideration for that entire transaction was the above mentioned Certificate No. 263, and $25.00 expense money. All of the consideration for that land has been paid."

The controlling question of law presented is, are McAnally and the Royalties Marketing Syndicate entitled to protection as bona fide purchasers for value under this state of facts? We think not. The certificate was nonnegotiable by its terms. It provided that, "It is one of the conditions hereof that this certificate is, under no circumstances, negotiable or transferrable, either by endorsement, assignment or otherwise." On the back thereof it was indorsed: "Nonnegotiable Certificate No. 263. * * * This certificate is not negotiable. * * *"

■ A purchaser who gives his nonnegotiable note for the price of land, which note has not been paid at the time a third person, owning a superior title to, or lien upon the land, institutes suit for the title to, or the foreclosure of his lien upon such land, will not be protected as a bona fide purchaser for value. Tiffany, Real Property (2d Ed.) Vol. 2, p. 2255; Beavers v. Baker, 58 Tex. Civ. App. 35, 124 S. W. 450 (error denied.)

■ Appellant is clearly in no better position than a purchaser executing his nonnegotiable note, and the above rule would apply as against him and the syndicate.

■ Neither would the payment of $25 expense money constitute appellant a purchaser for value. It does not appear from appellant's testimony to whom this $25 expense money was paid. McManus probably received no part of it, but, assuming that he paid $25 for this land, which the evidence shows to be worth not less than $4,000.00 such payment would not constitute appellant a bona fide purchaser for value. The rule is well settled that, where the price is grossly inadequate, the purchaser cannot be considered a bona fide purchaser for value.

In the following cases it was held that the consideration paid was inadequate to support the plea of bona fide purchaser for value, the first figures showing the value of the property, the second the price paid therefor:

Nichols-Steuart v. Crosby, 87 Tex. 443, 29 S. W. 380 ($8,000–$5); Hanrick v. Gurley (Tex. Civ. App.) 48 S. W. 994 ($500,000–$1,000); Huff v. Maroney, 23 Tex. Civ. App. 465, 56 S. W. 754 ($1,000–$30.18); Green v. Robertson, 30 Tex. Civ. App. 236, 70 S. W. 345 ($1,000–$52.25); Carpenter v. Anderson, 33 Tex. Civ. App. 491, 77 S. W. 291 ($2,500–$53.33); Parks v. Worthington, 101 Tex. 505, 109 S. W. 909 ($2,500–$50); Downs v. Stevenson, 56 Tex. Civ. App. 211, 119 S. W. 315 ($2,130–$50); Davis v. Bell, 60 Tex. Civ. App. 370, 128 S. W. 658 (between $800 and $1,900–$10); Rowland v. Klepper (Tex. Civ. App.) 189 S. W. 1033 ($3,000–$40); Goolsby v. Manning (Tex. Civ. App.) 270 S. W. 936 ($8,000 to $12,000–$10); Chesnut v. Specht (Tex. Civ. App.) 272 S. W. 830 ($6,000–$90).

■ It is insisted by appellant that appellee did not come with clean hands; that he knowingly clothed McManus with the apparent absolute title to this property, and it would be inequitable to permit him now to assert his vendor's lien as against appellant. A sufficient answer to this contention is that, if appellant were in fact a bona fide purchaser for value, he could invoke equitable rules in his favor. His defense is wholly equitable, and, having suffered no real injury by virtue of this purchase, he has no equities to assert.

In affirming the judgment of the trial court, we think it proper to make the observation that our judgment should not be construed as a holding that appellee was entitled to a personal judgment against Mrs. McManus. His petition disclosed that she was a married woman, and did not recite any facts making her liable. But she has not appealed, and the judgment as to her is not before us for review.

Affirmed.