## STATE MORTGAGE CORPORATION v. TRAYLOR.

### No. 8472.

Court of Civil Appeals of Texas. San Antonio.

Oct. 22, 1930.

Rehearing Denied Dec. 10, 1930.

N. W. Palmer, Thomson, Dilworth & Marshall, and Fred Russi, all of San Antonio, Texas, for appellant.

Dave Watson and Nelson Lytle, all of San Antonio, for appellee.

COBBS, J.

This suit was filed by appellant, State Mortgage Corporation, in the district court of Bexar county, Tex., for the Seventy-Third judicial district, against Mrs. Maude B. Traylor, the unknown heirs of C. T. Traylor, Mrs. Lara Brown, the unknown heirs of C. H. Brown, on the 16th day of February, 1928. The petition of plaintiff, in substance, alleged that it was the owner of and in possession of certain real estate situated in Bexar county, Tex., and known and described as lots Nos. twelve (12), thirteen (13), fourteen (14), fifteen (15), sixteen (16), twenty-eight (28), twenty-nine (29), thirty (30), thirty-one (31), and thirty-two (32), all in block thirty (30), county block five thousand five hundred sixty-two (5562), situated in Bexar county, Tex., that the defendants were asserting some right or claim to said property, the exact nature of which was not known to plaintiff, but that said claims constituted a cloud upon plaintiff's title to the property, which cloud should be removed. Plaintiff prayed for judgment quieting its title to said property and removing the cloud therefrom.

On the 22d day of March, A. D. 1928, all of the defendants in said cause answered by attorney of their own selection, which answer consisted of a general demurrer, general denial, plea of not guilty, and an allegation by the defendant Mrs. Maude B. Traylor, in substance, that she was the owner of the property described in plaintiff's petition and had good title to same, and that plaintiff's claim was a cloud upon her title and should be removed.

On December 2, 1929, the defendant Mrs. Maude B. Traylor filed her first-amended original answer setting up that plaintiff claimed title to the property under chain of title commencing with certain foreclosure proceedings had by the state of Texas in cause No. A–24677, in the Seventy-Third district court of Bexar county, Tex., and alleged that said judgment and the proceedings thereunder were void, and said answer pleaded said defendant's claim in detail.

On December 3, 1929, the plaintiff filed its first supplemental petition, consisting of general demurrer, numerous special exceptions, and special answers to the various matters alleged in the defendant's first-amended original answer, and on the same date, to wit, December 3, 1929, defendants filed their first supplemental answer.

Said cause went to trial on the 2d day of December, 1929, and upon the 3d day of December the court entered its order overruling the general and special demurrers of plaintiff, and on the 31st day of December, A. D. 1929, entered its judgment in favor of the defendant Mrs. Maude B. Traylor for the title and possession of the land in controversy, and against the plaintiff, State Mortgage Corporation, and decreed all costs against the plaintiff.

The court made elaborate findings of fact and law, which we approve and adopt, but do not copy on account of the length.

The facts established are that there were two C. H. Browns, one of whom lived and died in Bexar county, and the other lived in Calhoun county at the time he acquired the land in which county his deed to the same recited his residence to be. He moved from Calhoun county to Kerr county, where he died. He never lived in Bexar county.

The other C. H. Brown lived in Bexar county all the time, and died in that county, but before he died was served with process in said suit in Bexar county, for the taxes alleged to be due the state and county. He ignored the service of citation served on him and paid no attention thereto because he did not own the land, and the other C. H. Brown,

the owner of the land, who lived in Calhoun county and Kerr county, was never served, was never a party to the judgment, and had no knowledge of the tax suit or the judgment. The citation shows upon its face that it was made upon the C. H. Brown living at 317 Roseborough, San Antonio, Tex., whose name was so listed in the city directory, and who paid no attention to the citation. Neither C. H. Brown, who lived and died in Kerrville, nor his wife, Lara Brown, and Mrs. Maude B. Traylor, had any notice or knowledge of the tax suit and judgment until a long time after the attempted sale of the property under the pretended tax judgment.

Mrs. Maude B. Traylor, claims title to the property under deed from Mrs. Lara Brown, survivor of the community estate of C. H. Brown, who died at Kerrville, and under the judgment rendered in the trespass to try title suit.

The order of sale and sheriff's deed recite that notice was mailed to C. H. Brown, 307 Roseborough, as defendant.

It was shown that C. H. Brown, the owner of the property when tax suit was filed, was, at the time of his purchase of the lots, a resident of Calhoun county, Tex., which is so recited in his deed of record in Bexar county, Tex., that said C. H. Brown resided in Calhoun county for a year or two after he acquired title to the lots in controversy, when he moved to Kerr county, Tex., and at all times thereafter was a resident of Kerr county, Tex., where he went on account of having developed tuberculosis, and was an invalid confined to his room and bed, and that he was continuously so confined for several years from the time he moved there until the time of his death.

Article 2003, Revised Statutes 1925; Lipscomb v. Japhet (Tex. Civ. App.) 18 S.W.(2d) 786; Scales v. Wren, 103 Tex. 304, 127 S. W. 164; Perez v. Lipscomb (Tex. Civ. App.) 267 S. W. 748; Lipsitz v. First Nat. Bank (Tex. Civ. App.) 288 S. W. 609; Maury v. Turner (Tex. Com. App.) 244 S. W. 809; Green v. Robertson, 30 Tex. Civ. App. 236, 70 S. W. 345.

Again, the judgment in this foreclosure suit was against ten lots, and the amount due by each lot is not shown. Each lot is held responsible for the taxes due on the other nine and a lump sum recovery granted on all the lots together. Davis v. West (Tex. Civ. App.) 5 S.W.(2d) 870; Richey v. Moor, 112 Tex. 493, 249 S. W. 172; Pitts v. Mills (Tex. Civ. App.) 19 S.W.(2d) 99; Schleicher v. Gatlin, 85 Tex. 270, 20 S. W. 120.

There is a very full discussion in Richey v. Moor, supra, on this subject. Each lot is under the provisions of the Constitution a separate tract which must be separately assessed.

C. T. Traylor, the record holder of the deed of trust against the property, or Maude B. Traylor, was not made a party to the suit, and the judgment had no force or effect as against either of them. Allen v. State Mortgage Corporation (Tex. Civ. App.) 12 S.W.(2d) 249; Id. (Tex. Civ App.) 19 S.W.(2d) 109; Clarke v. A. B. Frank Co. (Tex. Civ. App.) 168 S. W. 492; Green v. Robertson, 30 Tex. Civ. App. 236, 70 S. W. 345; Turner v. Maury (Tex. Civ. App.) 224 S. W. 255, 258.

There are many errors assigned and strenuously briefed, which we have carefully read and considered, that are not pertinent to any real issues in the case, and we see no reason to discuss them after they have been considered in connection with the case. We see no reason for the consideration of the doctrine of lis pendens, or the statute of limitation of four years.

In passing upon this case, we find that the judgment rendered against C. H. Brown had no force and effect against the C. H. Brown, who was the true owner of the lots, and who resided in Kerr county, and as to him and to his heirs it was totally void and without any legal effect or virtue. Even if we would consider the judgment, the court no doubt exceeded its jurisdiction in attempting to foreclose for taxes upon all the lots, and we would be justified in holding it void.

As to Mrs. Traylor, who was not a party to the tax suit, and who was never served with process therein, the judgment was void.

Appellant's claim is founded upon a void judgment, and, there being no merit in any of the contentions and assignments, they are all overruled, and the judgment of the trial court is affirmed.

SMITH, J.

■ I concur in the result, but not in the holding that the judgment in the tax suit was void because of failure of service in that suit upon C. H. Brown, then owner of the property in controversy.

■ Due and proper service upon Brown was recited in that judgment, and not otherwise disproven in that record. In such case such recital of proper service imports absolute verity, and, when questioned in a collateral proceeding, must be tested alone by the record made in that suit. In other words, in such case, even though there was no service in fact, a judgment reciting proper service, though voidable, is not void. It may not be questioned collaterally, as is done here, but only in a direct proceeding brought for that purpose. Treadway v. Eastburn, 57 Tex. 209; Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347.

FLY, C. J.

I concur in above.