## A. G. AND J. C. CARPENTER v. S. L. ANDERSON.

Decided November 12, 1903.

**1.—Justice of the Peace—Jurisdiction.**

Justices of the peace in this State exercise a general jurisdiction within their limitations, and their judgments are to be measured and estimated by the same rules as apply to judgments of the district and county courts.

**2.—Same—Direct Attack Upon a Judgment.**

A proceeding to set aside a judgment of a justice court is a direct and not a collateral proceeding. Whether, therefore, the judgment was void or only voidable, the court properly heard proof aliunde on the issue of service.

**3.—Same—Service—Notice to Nonresident.**

The notice in lieu of citation on nonresident defendants provided by article 1230 of the Revised Statutes for the district and county courts does not apply to justice courts, and those courts can not procure service by means of such notice.

**4.—Same—Void and Voidable Judgment—Innocent Purchaser.**

The rule in this State is that where the record is regular on its face strangers may deal with it as of absolute verity, and this even where the recital of personal service is not true in fact. It is, it seems, a question of evidence rather than jurisdiction. So, rights acquired under such judgments, voidable only, by innocent strangers for value, will not be disturbed, the wronged party being relegated to his remedy against the plaintiff who procured the false recital to be made.

**5.—Execution Sale—Gross Inadequacy of Consideration.**

While the mere inadequacy of price will not authorize the setting aside of a sheriff's sale otherwise regular, the rule is as well settled that he who invokes the doctrine against a hidden vice must be a bona fide purchaser for value. Note that in this case the gross disproportion between price paid and value was sufficient to put the parties on notice, and that the advantage taken was constructive fraud. Note also that under the circumstances of the case the court should have required the refunding of the price paid at the sheriff's sale.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblin.

*L. B. Moody,* for appellant.

*Fisher, Sears & Sherwood,* for appellee.

GILL, ASSOCIATE JUSTICE.—This is a suit by the appellee, S. L. Anderson, against the appellants A. G. & J. C. Carpenter and Bradley, Alderson & Co., plaintiffs in a justice court judgment rendered against appellee and S. P. Hudson, purchaser of the land in controversy at execution sale thereunder.

The petition contained two counts, the first being in the ordinary form of trespass to try title. By the second he sought as against all the defendants to set aside the justice judgment and the sales and deeds made pursuant thereto.

The reasons averred for the vacation of the judgment were that plaintiff was a nonresident of the State of Texas and had never been served with any sort of process. As ground for setting aside the sheriff's sale

he averred that he had received no notice thereof as required by law, and for this reason, and because the execution was general instead of against the property attached, the sale was void. Further, that the property sold was worth at the time of the sale $5000, of which the purchaser was aware. That it was nevertheless sold to him for the unconscionable price of $53.33. That the purchaser's vendee had full notice of this, of the want of service, and of the other irregularities averred.

Bradley, Alderson & Co. did not answer. S. P. Hudson disclaimed. A. G. & J. C. Carpenter answered by general denial and plea of not guilty.

The court upon the trial directed the jury to return a verdict for appellee, which was done and judgment rendered accordingly. The Carpenters alone have appealed. Their contentions are:

First. That the judgment of the justice, on which their title rests, was only voidable and not void, and as the record was fair on its face a stranger thereto could treat it as of absolute verity and acquire rights thereunder which could not be disturbed, even though the judgment should be set aside as between the parties on direct attack.

Second. That the attack is collateral and the judgment therefore unassailable in this proceeding.

Third. That if the judgment and sale were rightly set aside the court nevertheless erred in refusing to require of plaintiff a return of the purchase money paid by them to S. P. Hudson, or at least the sum paid by Hudson at execution sale.

The appellee propounds the propositions:

1. That the justice of the peace is not authorized by the statute to procure substitute service on nonresidents by issuance and service of notice as in the district or county courts.

2. If he had such authority the service was nevertheless void, having been made on the return day of the writ, at which time it was functus officio.

3. There being in fact no lawful service the judgment was absolutely void for want of jurisdiction of the person of Anderson, and being so no one could acquire any rights thereunder.

4. If only voidable and not void this is a direct attack, all parties at interest being made defendants, and the court properly heard proof of want of service.

5. That whether void or only voidable the defendants had notice of the facts as well as the want of sufficient consideration at the sheriff's sale, wherefore they can not require of appellee the return of any sum as a condition to the vacation of the judgment and recovery of his land. The following facts are undisputed: The plaintiff was indebted in the sum of $35.48 to the firm of Bradley, Alderson & Co. This firm brought suit on the claim by original attachment in the Justice Court of Harris County, Texas. The constable levied the attachment on the land in controversy. The suit was instituted on June 29, 1900. Anderson is now a resident of Minnesota and has never resided in Texas.

The justice record shows that on the day of the filing of the suit a "notice" to serve defendant was issued to him as a resident of Washington County, Iowa. Alias notice was issued August 21, 1900, and the fact noted on the docket. On April 2, 1901, a pluries notice to serve was issued to Minnesota and the fact noted on the docket. It was also noted that same was executed in Minnesota April 8, 1901. Then follows the justice judgment dated June 25, 1901, which recites that "defendant though duly and legally served with citation came not but wholly made default." Judgment for the debt was thereupon rendered and the attachment lien foreclosed. It thus appears that the last judicial utterance concerning service was a solemn declaration that it had been lawfully had.

The notice of April 2, 1901, was returnable April 8, 1901. It had indorsed thereon an affidavit of one Neuenschwander to the effect that on April 8, 1901, he had delivered to Anderson in person in the State of Minnesota a true copy of the notice and copy of plaintiffs' petition.

It was shown by parol that no other process issued and that the judgment was actually rendered on the return of Neuenschwander as stated above.

Upon this phase of the case the only point of dispute is the truth of the return. Anderson swears there was in fact no service and Neuenschwander that the return stated the truth.

Execution was duly issued and levied upon the land and same was duly advertised for sale. The constable mailed a notice of the proposed sale to the defendant in the judgment addressed to his last known address in Minnesota. Anderson swears it never reached him.

The land was duly sold on August 6, 1901, and S. P. Hudson, one of the defendants in this suit, became the purchaser for the sum of $53.33. At that time the 226 acres of land was worth between $10 and $15 per acre. It fronted on an improved public road and lay within five miles of the city of Houston.

Thereafter Hudson, through an agent, proposed to sell the land to the Carpenters. The latter being fully aware of the value of the lands consulted an attorney as to the state of the title, and especially as to the validity of the justice judgment and the sale thereunder. The attorney advised him that the title thus conveyed was good. Thereafter the Mr. Carpenter who had charge of the proposed purchase inspected personally the justice record and acquainted himself with its contents. This investigation and negotiation resulted in a sale of the land to the Carpenters on the 8th of November, 1901, for a cash consideration of $1808, Hudson conveying by warranty deed. The Carpenters also had actual knowledge of the sum the land brought at execution sale.

We shall not take up in detail nor in the order of their presentation the assignments of error urged by appellants. They fall under the classification indicated by our statement of appellants' contentions on this appeal.

In Texas justices of the peace exercise a general jurisdiction within

their limitations, and their judgments are to be measured and estimated by the same rules as apply to judgments of the district and county courts. Davis v. Robinson, 70 Texas, 395; Baker v. Martin, 75 Texas, 472.

First, therefore, of their contentions that the nature of this attack is collateral and that evidence aliunde the record is inadmissible to disclose a secret vice in the justice judgment:

That the attack is direct and not collateral is so well settled we forbear to enlarge upon the proposition, but cite a few leading Texas cases on the point and pass to the more difficult problems presented on this appeal. Templeton v. Ferguson, 89 Texas, 47; Crawford v. McDonald, 88 Texas, 630.

It follows, therefore, whether the justice judgment be held absolutely void or merely voidable the court rightly heard proof aliunde on the issue of service. This conclusion disposes of all the assignments addressed to the action of the trial court in this respect.

But whether there was actual service of the notice issued by the justice was a subject of conflict in the evidence, so in order to justify the trial court in directing a verdict in favor of appellee we must conclude that the justice was without power under our statute to procure service by the means used.

Article 1602 of our Revised Statutes is as follows: "All the rules governing the issuance and service and the return of citations issued out of the district and county courts and providing for acceptance of service and entering appearance shall, except where otherwise provided by law, govern also the justice's courts in so far as they can be applied to the proceedings of said courts."

Article 1647 provides: "No judgment other than a judgment by confession shall be rendered by a justice of the peace against any party who has not entered an appearance or waived service unless such party has been cited either personally or by publication."

The article last quoted not only prescribes but limits the cases in which a justice may render judgment.

Article 1602 renders applicable the rules governing district and county courts as to citations, but no further. It will be noted that in each of the articles mentioned the words cited or citation are used.

Now a citation is a writ of the court addressed to an officer of the court and commands him to do certain things. Service by publication is a citation and therefore may be resorted to by a justice of the peace.

Inasmuch as the powers of the justice of the peace in this respect are derived from the statute, and as by no provision of the statute is that court explicitly authorized to acquire jurisdiction over a defendant by issuance and service of notice as provided by statute for district and county courts, we must hold the power wanting unless notice and citation are synonymous terms.

Service on nonresidents by notice is provided for district and county courts by article 1230. It may be had upon application of the plaintiff, his agent or attorney against any nonresident defendant or one absent

from the State. Such paper is prepared by the clerk of the court out of which it is to issue, must be addressed to the defendant, and it must contain for defendant the usual information embodied in a citation and must be attested by the clerk and the seal of the court affixed. Under articles 1231 and 1232 it may be served by any person competent to make oath of the fact.

Such a notice addressed to an officer of another State instead of the defendant has been held to be invalid. Porter v. Hill, 33 S. W. Rep., 383.

The case of Perez v. Perez, 59 Texas, 324, sustains the distinction we make, though the case is not directly in point.

We conclude the justice had no power to procure service by the method adopted. The attempted use of notice instead of citation was not a mere irregularity. It amounted to no more than if the justice had sent defendant a message advising him of the pendency of the suit.

That some sort of lawful service is necessary to sustain even the judgment in rem is not questioned. It follows therefore that the judgment as between the parties was rightly set aside.

This conclusion renders it unnecessary for us to determine the effect of service on return day of a writ and whether (the writ being functus officio) such service would be a nullity or merely an irregularity.

In adjusting the rights of Anderson as against Hudson and the two Carpenters it is necessary to determine whether the judgment is void for want of any service or voidable because lawful service was distinctly adjudged to have been had. If void no one could acquire any rights thereunder and the appellee's right to judgment would be absolute and unhampered by conditions.

Notwithstanding the confusion and irreconcilable inconsistencies to be found in the adjudged cases growing out of the indiscriminate use of the terms void and voidable, we find that where the clear question has been presented as applied to domestic judgments there is a practical unanimity of decision on the proposition that where the record is regular on its face strangers may deal with it as of absolute verity, and this even where the recital of personal service is not true in fact. It seems the question is one of evidence rather than of jurisdiction. Crawford v. McDonald, supra, and cases cited; Alston v. Emerson, 83 Texas, 231.

If a court renders a judgment in excess of its powers it is a nullity of course. In such a case the jurisdiction or lack of it does not depend on any fact to be judicially ascertained by the court in connection with the trial of the case. In the matter of jurisdiction of the person the fact of service must necessarily be judicially ascertained by the court, and having adjudged it to have been done the record is regular and may not be collaterally impeached.

It is still true that a court had no power to render a judgment in the absence of jurisdiction over the person of the defendant, but once adjudged the existence of the fact can not be questioned except in a direct attack.

From the application of this rule follow consequences in individual cases, calamitous and hard to be borne, but it is deemed better that occasional individuals should suffer the consequences of false judgments than that the public confidence in the verity of public records should be shaken and destroyed. If the rule were otherwise purchasers would not buy at judicial sales or else would buy only at prices which would justify the risk.

Rights acquired under such judgments by innocent strangers for value will not be disturbed, the wronged party being relegated to his remedy against the plaintiff who procured the false recital to be made. We understand this to be the settled rule in Texas. Lawler v. White, 27 Texas, 251; Fitch v. Bryan, 51 Texas, 338; Davis v. Robinson, 70 Texas, 395; Baker v. Martin, 75 Texas, 472.

Appellee however cites the case of Scanlan v. Campbell, 55 S. W. Rep., 502, in support of the proposition that such a judgment is absolutely void. In that case the plaintiff, the city of Houston, was purchaser at its own execution sale and subsequently sold by quitclaim deed to Scanlan. In a suit between Scanlan and Campbell, the owner, the latter directly attacked the judgment making the city a party. The ground of the attack was that the judgment was rendered without service, and this charge was found to be true.

Justice James in delivering the opinion indulged in a discussion of the nature of the judgment and expressed the opinion that all purchasers under a judgment rendered without personal service bought with notice of the vice, whatever the recitals therein. That they must inquire at their peril if service had been obtained. On motion for rehearing this opinion was reiterated at length and many authorities cited. We have examined the authorities and are constrained to the conclusion that they do not support the opinion announced.

The case has given us much concern, not alone because writ of error was refused by the Supreme Court, but because of the learning of the justice who wrote the opinion. We can not bring ourselves to believe that our Supreme Court would have thus overruled the long line of Texas cases announcing a contrary doctrine without distinctly expressing the purpose so to do.

We have concluded that writ of error was refused because a right conclusion was reached upon the entire case, and that whether the judgment was void or merely voidable was not a question necessary to be decided.

The plaintiff bought from the city accepting a quitclaim deed, and Justice James determined the appeal when he wrote: "Besides, plaintiff's deed was a quitclaim and could confer no better right than the city had."

If therefore the judgment assailed here is to be set aside and the sales annulled as between appellee and the vendees, some other reason must be found than the asserted nullity of the judgment. No irregularity

was shown either in the sale or in the proceedings preceding it, and subsequent to judgment.

Appellee contends that the judgment was rightly vacated because of the unconscionably small sum at which the land sold at execution sale.

Nothing is better settled than that mere inadequacy of price will not authorize the setting aside of a sheriff's sale otherwise regular. Something more must be shown of which the purchaser had or ought to have had notice.

But a distinction exists between a mere inadequacy of price' and a price so grossly out of proportion to the value of the property sold as to shock the conscience and justify the court in holding that there was no consideration.

While the regular record of the judgment imports absolute verity to a stranger, yet he who invokes the doctrine against a hidden vice therein must be a bona fide purchaser for *value*. If Hudson was not such a purchaser in this case his vendee knew it, for he not only knew the price brought at execution sale but knew the value of the property at that time. He knew that property worth between $2500 and $3000 had been sacrificed for the nominal sum of $53.33 and that he purchased from Hudson at much less than its real value.

The court will proceed upon the theory that the gross disproportion between price and value ought alone to have put the parties upon inquiry and that to take advantage of it was constructive fraud.

To be a bona fide purchaser for value one must pay a fair price. We regard the disproportion so gross as to render the sum paid no consideration and Hudson not a purchaser for value. Nichols-Steuart v. Crosby, 87 Texas, 443; McKamly v. Thorp, 61 Texas, 652; Bank v. Bank, 30 S. W. Rep., 366.

This being true the court was correct in directing a verdict for Anderson.

But the latter adm'ts he owed the debt for which Bradley, Alderson & Co. sued, and it is undisputed that the $53.33 went to its discharge. The court should have required the sum thus paid by Hudson to be refunded to his vendees the appellants. While the sum named is regarded as no consideration when viewed in the light of the value of the property for which it was paid, yet considered alone it ought not to be held de minimis.

The judgment of the trial court is therefore reformed in the respect mentioned and as so reformed is affirmed. Judgment being here rendered for appellants against plaintiff for the amount paid by Hudson, and that they have a lien upon the land therefor.

*Reformed and affirmed.*

Writ of error refused.