· J. K. JOHNSON, ADMINISTRATOR, v. A. D. JOHNSON.

Decided February 25, 1905.

**1.—Judgment Against Minor—Setting Aside After Majority—Ratification— Limitations.**

Where a minor grantee was the defendant in a suit to set aside a deed, and was duly served with process, and a guardian ad litem appointed for him made a compromise to which he assented and received benefits therefrom, the statute of four years did not apply to an action brought by him after attaining majority to set aside the judgment entered on the compromise, but it was a question for the jury as to whether he had used reasonable diligence in bringing the suit after reaching majority.

**2.—Same—Diligence—Evidence.**

Upon the issue of whether plaintiff had used such diligence, evidence was admissible to show that, after reaching majority, he lived near the land, and knew that the party who recovered against him was improving it.

**3.—Same—Delivery of Deed—Intention—Charge.**

There being evidence tending to show, as pleaded by defendant, that the grantor, in the deed to plaintiff, did not intend that her act in recording the deed should constitute a delivery of it, this required the court to give, upon request therefor, a charge affirmatively presenting such defense as it was shown by the evidence.

**4.—Same—Grounds for Setting Aside—Fraud.**

A minor against whom a judgment is rendered can, after attaining majority, have it set aside by showing fraud or collusion used in procuring its rendition, or that he had a good defense which was not presented, and it devolves on him to show that the judgment was fraudulent or inequitable.

**5.—Same.**

In such action to set aside a judgment a charge that, if the agent of the plaintiff in the former suit make an agreement with the guardian ad litem of the minor defendant therein (plaintiff in this suit), and by reason thereof the guardian failed to present the defense of the minor, and, without contest, allowed a recovery against him, then the judgment rendered thereon "would not be rendered after a fair and just investigation," was misleading and erroneous, since such judgment would not be vitiated unless it was further shown that the minor had a good defense which was not presented, and the charge, as worded, conveyed the idea that fraud or collusion was perpetrated, and that no judgment would be binding on a minor unless all the evidence practicable was heard. The evidence not heard must have been such as would have changed the result.

**6.—Deed—Delivery—Recording.**

The recording of a deed is not necessarily a delivery, but a circumstance which may be looked to in determining whether or not there has been a delivery.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

*Bramlette & Pritchett, J. C. Meade* and *Taylor & McGrady,* for appellant.—Appellee having agreed to the judgment and thereby received a substantial benefit, took the case without the statute allowing four years after becoming of age in which to move to set aside the judgment. It was in substance his contract, and he should have repudiated it within a reasonable time after coming of age, which the court found as a fact he did not do. The statute of limitation does not apply.

Appellee having ratified the transaction, the judgment should have been for appellant. Hieatt v. Dixon, 26 S. W. Rep., 263; Searcy v. Hunter, 81 Texas, 644; Bingham v. Barley, 55 Texas, 281; Askey v. Williams, 74 Texas, 294; Ferguson v. Railway, 73 Texas, 344; Simpkins v. Searcy, 32 S. W. Rep., 851; Sandoval v. Rosser, 86 Texas, 682; Stone v. Cook, 78 S. W. Rep., 801; Mills v. Hoffman, 92 N. Y., 181; 2 Cyc., 651.

*Richard B. Semple,* for appellee.—1. The court did not err in concluding as a matter of law that the statute of limitations of four years is applicable to the case at bar. Stewart v. Robbins, 27 Texas Civ. App., 191; Watson v. Railway, 7 Texas Ct. Rep., 472; McLane v. Bank, 4 Texas Ct. Rep., 888; Bank v. McLane, 96 Texas, 48.

2. The court did not err in charging the jury that if Malinda

Johnson, her agent or attorney, agreed with the guardian ad litem to pay him and the minor $50, and by reason thereof Malinda Johnson was to recover the land, and by reason of said agreement the guardian did not present said minor's defense to said suit, and without contest allowed Malinda Johnson to recover the land, the judgment rendered would not be upon a fair trial. Newton v. Emmerson, 86 Texas, 146; Eastham v. Powell, 11 S. W. Rep., 823; Davis v. Garrett, 18 S. W. Rep., 113; Hall v. Hall, 17 S. W. Rep., 811; Railway v. Pfeuffer, 56 Texas, 66; Car Works v. Improvement Co., 4 Texas Civ. App., 261; Byars v. Byars, 11 Texas Civ. App., 565.

RAINEY, CHIEF JUSTICE.—Appellee instituted this suit to set aside a judgment rendered against him in the District Court of Fannin County, decreeing Malinda Johnson to be the owner of 50 acres of land, and seeking to recover from the estate of Malinda Johnson the said 50 acres of land. The petition alleges, in effect, that when appellee was about ten years of age his grandmother, Malinda Johnson, executed and delivered to him a deed to 50 acres of land, which she had recorded, on condition that she should have the use of same during her life, or until he should become twenty-one years of age. That in 1896 the defendant, using the name of Malinda Johnson, brought suit against the appellee for the purpose of cancelling said deed on the ground that appellee's father had agreed with said Malinda Johnson that if appellee would live with her until he should arrive at the age of twenty-one. years, she would deed to him this land, she to have use of proceeds thereof during her life, or until he reached twenty-one years of age. That plaintiff only remained with her for one year, when he left Fannin County, and though she often requested his return, he refused to do so. At the time of the institution of this suit plaintiff was a minor, and the court appointed a guardian ad litem to represent him, who filed an answer therein. That afterward plaintiff filed "first supplemental petition," in which it was denied that Malinda Johnson ever delivered said deed, but retained the same in her possession, though admitted that she had same recorded.

The court rendered judgment for Malinda Johnson for the land, and costs were adjudged against plaintiff herein. The judgment recites the appearance of the parties, that a jury was waived, and all matters submitted to the court, which recitals it is alleged were false. It is alleged that J. K. Johnson fraudulently informed the guardian ad litem that he, Johnson, was familiar with all the facts; that plaintiff herein had no defense or right to the land, and proposed to said guardian that if he would agree to a judgment for Malinda Johnson, he, J. K. Johnson, would pay fifty dollars, one-half for the plaintiff and the other for the said guardian, and said guardian having faith in the statement of said J. K. Johnson as to the facts, and not being sufficiently informed as to the true facts, agreed to said proposition, and made no further defense, but allowed said J. K. Johnson to take the stand and testify to the facts stated in said petition and supplemental petition, though he had several witnesses subpoenaed to testify in the case. That plaintiff was a minor, eighteen years' of age, and said proceedings were had without his knowledge or consent, and that

he had never received anything by reason of said judgment. The petition further alleged the relation between him and Malinda Johnson; that his mother died when he was quite young; that his father agreed for his grandmother to take him and maintain and educate him until she died, or plaintiff became of age, and she would convey to plaintiff a home, embracing 50 acres; that she made said conveyance and plaintiff remained with her until she broke up housekeeping and he had to seek another home. That said conveyance was properly executed and delivered, and was not liable to cancellation, had the suit been properly defended. That the facts were falsely and fraudulently misrepresented by said J. K. Johnson to said guardian, and $25 was paid to him in order that the evidence and law might be withheld from the court. That plaintiff reached his majority May 18, 1899; that Malinda Johnson died April 12, 1902; that on November 14, 1899, she removed from Texas, and until her death remained a resident of the Indian Territory, etc.

Defendant herein answered by general denial and specially that plaintiff delayed, after reaching his majority, for more than a reasonable time before bringing this suit; that Malinda Johnson never delivered said deed; that plaintiff procured said judgment to be entered for a valuable consideration which he received and appropriated and still retains and appropriates, and thereby ratified same. That after reaching majority he, without objection, saw Mrs. Johnson make permanent and valuable improvements upon said land, and he is estopped from now claiming same.

Special issues were submitted to the jury and the court filed conclusions of fact on the points not submitted, also of law, and rendered judgment for appellee.

The plaintiff herein was a party to the suit in which judgment was rendered against him. He was duly served, guardian ad litem appointed by the court to represent him, and the evidence tends to show that he consented to the judgment and that he received benefits by reason of said compromise. Under these circumstances the court erred in holding that the four years statute of limitation applied. It was a question of fact whether or not he had used reasonable diligence after he reached his majority in bringing his suit to set aside the judgment and recover the land, and this should have been submitted to the jury.

The plaintiff being held to reasonable diligence in bringing the suit after reaching his majority, it was error for the court to exclude evidence tending to show that plaintiff, after reaching twenty-one years of age, lived in the community of the land and knew that Malinda Johnson was improving same. This, if true, would be a circumstance that the jury might look to in determining whether or not there was a ratification or disaffirmance of the contract on which the judgment in the first suit was based, and on the question of the delivery of the deed.

The court refused the following special charge asked by defendant, viz: "If you believe from the evidence that Malinda Johnson at the time she signed the deed read in evidence did not intend to then vest the title in Alford Johnson, and that she only intended to deliver such deed when she died or when Alford Johnson should become of age, and

that such intention upon her part thereafter at all times continued, and that she intended that Alford Johnson should not have the land nor the deed unless he should live with her until he was of age or until she should die, then you will find that such deed was never delivered."

The court charged the jury, "that if Malinda Johnson signed, acknowledged and had said deed recorded with the intention on her part that the title to said land should pass, as stated, in said deed, then said facts would constitute a delivery of said deed by Malinda Johnson to Alford D. Johnson." One of the defenses interposed was that Malinda Johnson did not intend her acts to constitute a delivery of the deed. This being true, the defendant was entitled to an affirmative presentation of his defense as shown by the evidence.

The court erred in permitting the witness Dupee to testify, "I heard J. K. Johnson say, before February, 1897, in substance. He said that Alford was so sorry that they were going to take the place away from him, that he (J. K. Johnson) was going to get it back for his mother." At the time this statement purports to have been made Malinda Johnson was living, and such statement was not binding on her. At the time of the trial she was dead, and the suit was being defended by her administrator. The record shows there were other heirs, and Johnson's statements were not binding on them, it not being shown that there was a combination or conspiracy to beat him out of the land. The testimony was not admissible. (1 Greenl. on Ev., secs. 176-179; Dennis v. Neal, 71 S. W., 387.)

The court charged the jury as follows: "I charge you that if in this suit plaintiff, Malinda Johnson, her agent or attorney, made an agreement with the guardian ad litem in that case whereby Malinda Johnson, her agent or attorney, was to pay said guardian ad litem and said A. D. Johnson, both or either of them, $50, and Malinda Johnson was to recover said land, and by reason of said agreement said guardian ad litem failed to present to the court the defense of said A. D. Johnson, and without contest allowed Malinda Johnson to recover said land in that suit, then said judgment, if rendered under such conditions, would not be rendered after a fair and just investigation and trial of the title to said land as such terms are used in above question." The charge is misleading and does not state the law correctly.

The plaintiff in this case pleaded fraud on the part of appellant, by fraudulently misrepresenting the facts to the guardian ad litem and which deceived him, and paid him $25 in order that the evidence and law of the case might be withheld from the court, and thereby procured said judgment. The guardian ad litem testifies that he agreed to the compromise after he had made a full investigation of his ward's defense and concluded he could not recover; that his action was not influenced or controlled by J. K. Johnson, and that his ward consented to the compromise. It seems from the evidence that the guardian ad litem acted in good faith and the only ground for setting aside the former judgment is the bare fact that all the evidence relating to the transaction was not introduced on the trial of that case.

A minor can inquire into a judgment rendered against him during minority within a reasonable time after reaching his majority, and can have the same set aside when fraud or collusion is shown in procuring

its rendition, or when it is shown that he had a good defense which was not presented. A judgment or compromise by a guardian ad litem is not void; and to set it aside it must be shown that it was inequitable and unfair to the minor. The court's charge in effect states that if said agreement to compromise was made and the guardian ad litem failed to present his defense, said judgment would not be rendered after a "fair and just investigation" and trial of the title to the land. This is not sufficient to set aside a judgment, but the proof must show that the minor had a good defense which was not presented. The court, before rendering the judgment, heard some evidence, and it is not clear that a different judgment would have been rendered had all the evidence been heard.

Again, the terms "fair and just," used by the court, may have conveyed to the minds of the jury that fraud or collusion was perpetrated, and further that no judgment would be binding on a minor unless all the evidence practicable should be heard by the court. Such is not the law. Where the court has heard evidence sufficient to support his judgment in such a case, in order to set it aside it must be clear that had he heard all the evidence, a different result should have followed. In other words, in order to set aside a judgment against a minor where service is regularly had on him and he is represented by a guardian ad litem, it must be shown that fraud, collusion, or error was committed in procuring it. The error must be such that, if carried to an Appellate Court, it would cause a reversal, or show that other facts have been discovered that show the decree to be wrong. (Ralston v. Lahee, 74 Am. Dec., 291.)

The court erred in charging on actual delivery of the deed. We are of the opinion that the evidence is not sufficient to show an actual delivery. The recording of a deed is not necessarily a delivery, but a circumstance which may be looked to with other circumstances in determining whether or not there has been a delivery.

The judgment is reversed and cause remanded.

*Reversed and remanded.*