**GARZA et al. v. KENEDY et al.   (No. 7672.)** *

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1927. Rehearing Denied March 2, 1927.)

1. **Judgment ⬥453—Suit to set aside partition judgment and sale thereunder for irregularities dehors record held collateral attack, not affecting subsequent purchasers' rights.**

Suit by defendants in partition suit to set aside judgment and sale of property thereunder for want of service and irregularities dehors the record *held* a collateral attack, not affecting rights of subsequent purchasers.

2. **Judgment ⬥456(1)—Abuse of confidence in taking partition judgment held not available to set aside judgment nearly five years afterward.**

Alleged abuse of confidence in taking judgment in partition suit, after defendants were informed that plaintiffs' counsel had agreed to private sale and that suit had been dismissed, *held* not available to set aside judgment nearly five years thereafter, where every defense, properly pleaded, might have been interposed with proper diligence in partition suit.

3. **Judgment ⬥429—Defense, available on trial by proper diligence, cannot be set up to avoid judgment, though withdrawn without defendant's knowledge.**

No defense that could have been set up on trial of case, if proper diligence had been used, can be set up to avoid a judgment therein, though answer was withdrawn without defendant's knowledge.

4. **Judgment ⬥456(1) — Confidence in one withdrawing answer after two years is not available to set aside judgment.**

That confidence was imposed in one withdrawing answer in partition suit after lapse of two years would not be available to set aside

───────────────────

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted April 27, 1927.

judgment against defendant; theory being that every man knows record to which he was party after being brought into court or having proper notice.

**5. Partition ⬥⟹38—District court held to have exclusive jurisdiction to partition city lots.**

District court *held* to have exclusive jurisdiction of suit to partition city lots between tenants in common.

**6. Judgment ⬥⟹453—Defendants could not recover land sold under partition judgment, valid on face, from subsequent purchasers, not charged with fraud and irregularities in procuring it.**

Partition judgment not being absolutely void for irregularities dehors the record, defendants could not recover land sold thereunder from subsequent purchasers, not parties to nor charged with fraud and irregularities in procuring judgment.

**7. Judgment ⬥⟹407(1)—Trespass to try title, not suit to set aside void partition judgment, is proper remedy.**

Suit in trespass to try title, not suit to set aside void partition judgment, is proper remedy of persons aggrieved thereby.

**8. Judgment ⬥⟹501—Trial court's errors cannot be reviewed collaterally, but only by appeal or writ of error.**

Errors of trial court can only be reviewed by appeal or writ of error, not by collateral attacks.

**9. Infants ⬥⟹33—District court may divest minors of title to property, if necessary to make equitable partition.**

It is within district court's power, discretion, and jurisdiction to divest minors of title to property, in partition suit, if necessary, in court's judgment, to make equitable partition between joint owners.

**10. Judgment ⬥⟹747(2)—Ruling, not appealed from, divesting plaintiff of interest in property sold under partition judgment, is conclusive as to all subsidiary issues necessarily passed on, as well as very question decided.**

Ruling, not appealed from, divesting plaintiff of interest in property, sold under partition judgment sought to be set aside, and creating lien on all property involved to secure value of his interest, must stand, and is conclusive as to all subsidiary issues necessarily passed on, as well as very question decided.

**11. Infants ⬥⟹105—That minors and married women's interests were disposed of does not invalidate partition judgment, where minors were represented by guardian ad litem.**

That there were infants or married women in case, whose interests were disposed of in partition proceedings, does not render judgment invalid, where minors were represented by guardian ad litem duly appointed by court.

**12. Infants ⬥⟹107 — Compromise judgment agreed to by guardian ad litem is valid, unless inequitable and unfair, especially where judgment does not show want of service on face.**

Compromise judgment agreed to by minor's guardian ad litem is valid, unless shown to be inequitable or unfair, especially where judgment does not show want of service on its face.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Juana G. Garza and others against Robert T. Kenedy and others. From a judgment of dismissal, plaintiffs appeal. Affirmed.

Kleberg & North, of Corpus Christi, and Huson & Huson and U. S. Algee, all of San Antonio, for appellants.

Boone & Savage, of Corpus Christi, W. L. Dawson, of Mission, Jas. H. Anderson, of Mercedes, and E. B. Ward, of Corpus Christi, for appellees.

COBBS, J. Appellants sued appellees to set aside a certain judgment and all proceedings, sales, and conveyances thereunder, to which pleading the court sustained special and general exceptions, and appellants declining to amend, the cause of action was dismissed.

It was alleged that, on and prior to November 23, 1915:

"Santana Leal, now deceased (ancestor of the plaintiffs, Santana Leal, Jose Leal, Ricardo Leal, Elida Leal, minors, and Severa Leal Gomez, Martina Leal Sanchez, Francisco Leal, and Guadalupe Leal), and the plaintiffs herein, Ysidoro Gonzales, Anita G. Leal, Juana G. Garza, Rosa de la Rosa, Trinidad Gonzales, Inez Perez (de Somanigo) Onofere Perez, and Otila Perez, together with the defendant herein, Robert Tom Kenedy, were the sole owners, as tenants in common, of lots 4, 5, 6, 7, and 8, in block A, on the bluff portion of the City of Corpus Christi, in Nueces county, Tex., in the following undisputed proportions, to wit, Ysidoro Gonzales, Anita G. Leal, Juana G. Garza, Rosa de la Rosa, Trinidad Gonzales, and Robert Tom Kenedy, each an undivided two-fifteenths interest, Santana Leal, now deceased, an undivided one-fifteenth interest, and Inez Perez (de Somanigo), Onofere Perez, and Otila Perez (then minors), each an undivided three forty-fifths interest.

"Anita G. Leal, Juana G. Garza, and Rosa de la Rosa were married women, and have been at all times since and are now married women, and their interest in said property belonged to their separate estates. Inez Perez, Onofere Perez, and Otila Perez were minors, and were minors at the time of bringing this suit, all reaching their majority after this suit was brought. Inez Perez subsequent to November 23, 1915, married Narciso Somanigo.

"On November 23, 1915, the defendant Robert Tom Kenedy, as plaintiff, filed suit in the district court of Nueces county, Tex., said cause being No. 5645, naming as defendants his then co-owners and the husbands of the three married women, for a partition of the five lots above described, alleging that the three minors had no guardian of their estate within his knowledge."

Kenedy's suit will herein be referred to as cause No. 5645. The defendants herein, W. L. Dawson and James H. Anderson, were the

---

attorneys for Robert Tom Kenedy, plaintiff in cause No. 5645.

This original suit in which the partition was had was in the usual form used for partitioning property between joint owners. It was alleged herein that:

"Citations were issued returnable on Monday, January 3, 1916. The returns of the officers executing the citations do not show proper service on any of the defendants except Anita G. Leal and husband, Sebastian Leal, and one of the minors, Inez Perez. One of the citations shows that it was not executed until January 7, 1916, four days after the return day. No answers, acceptances, or waivers of service of citation were filed by any of the defendants, and none of them made personal appearance.

"The plaintiffs alleged that most of them did not know of the pendency of said cause, but that Trinidad Gonzales, learning of its pendency, employed Frank O. Pierce, an attorney, to represent him in said cause, but none of the other defendants employed or authorized an attorney or any other person to appear and represent them, or to agree to the judgment hereinafter referred to. That shortly after Pierce was employed by said Trinidad Gonzales, Pierce informed Trinidad Gonzales that he had seen Dawson and Anderson and had agreed with them that the property should be sold privately, out of court, by a broker, at a price to be fixed by two appraisers, and that the case had been, or would be dismissed, and Pierce instructed Trinidad Gonzales to inform his codefendants that the case had been dismissed, so that when they might be served with citation they would not be troubled about the matter, or go to the expense of employing an attorney. Trinidad Gonzales communicated this information to his codefendants, and, relying thereon, none of them employed an attorney. Pierce advised Trinidad Gonzales that, as soon as the land was appraised, a broker would be selected to sell the land and a letter of authorization would be sent him, which all parties interested in the land would sign, authorizing the broker to sell the land and agreeing to pay him a commission for his services. On January 28, 1916, Pierce sent an instrument to Trinidad Gonzales for signature and to procure the signature of others, authorizing J. C. Moore, a real estate broker, of Corpus Christi, to find a purchaser for the property at $7,000, less a 5 per cent. commission. This instrument was sent to all of the defendants and executed by them, and then sent to Major J. H. C. White, at Corpus Christi, for Robert Tom Kenedy's signature. The defendants were informed that as soon as Mr. Moore sold the land, the proceeds would be divided amongst the cotenants according to their respective interests.

"Despite the information hereinbefore related, and without the knowledge or consent of any of the defendants in cause No. 5645, a judgment was entered in said cause on January 14, 1916."

The property was sold under said judgment and purchased by Dawson and Anderson, the attorneys.

It was alleged in plaintiffs' second amended original petition, among other things:

"That the order of sale under judgment in cause 5645, and the sale made thereunder, and the sheriff's deed to Dawson and Anderson, were void for the reasons—

"(a) No notice of the said sale was given to the defendants in judgment by the sheriff making the sale, as required by law.

"(b) The property was platted into city lots and situated within the corporate limits of a city, platted into lots and blocks, and the lots were not offered for sale separately, but sold in bulk; and the value of any one of the lots was in excess of the amount of the judgment.

"(c) That the attorneys for judgment plaintiff, who had control of the sale as such attorneys, became the purchasers of all five lots in bulk for $300, which was a grossly inadequate consideration.

"That the uncertainty of the judgment as to its validity and binding effects, coupled with the irregularities in the manner of sale and the grossly inadequate consideration received at the sale, rendered said sale null and void, and constituted a fraud upon the rights of plaintiffs.

"That the defendants Dawson and Anderson were attorneys for the judgment plaintiff, and had full knowledge of all the facts alleged, and were not bona fide purchasers for value, and paid a grossly inadequate consideration for the land; that John Grant, who purchased from Dawson and Anderson, had full knowledge of all of the facts, and paid a grossly inadequate consideration for the land; that the defendant William Meaney, who bought two of the lots from Grant, had full knowledge of the facts, and paid a grossly inadequate consideration for the two lots purchased by him; that the defendant C. L. Burchers, who bought three of the lots from Grant, bought in face of a lis pendens notice, and had full knowledge of the facts, and did not pay an adequate consideration for the three lots, and that at the time this suit was brought he had not fully paid for the land, but still owed two vendor's lien notes, still in the hands of his vendor, Grant; that each of these purchasers had constructive, if not actual, knowledge of all recitals in the judgment, record, order of sale, return, and sheriff's deed, and were bound thereby, and that they were put upon inquiry; that Meaney and Burchers bought against advice not to do so."

[1] This is clearly a collateral attack on a judgment, which does not show on its face its invalidity, but, at most, an irregularity. The parties to the judgment have no interest in the property. While the original parties are made parties to this suit and the judgment is attacked, still the suit has an independent purpose and affects parties not parties to the suit and judgment complained of by the appellants herein. The attack on the judgment is a mere incident, and the judgment creditor could suffer no loss by setting aside the judgment. Therefore the attack on the judgment is collateral, and, even if there was no service or there was some irregularity shown dehors the record, it could not be attacked in this proceeding in so far as it would affect the rights of purchasers under the judgment, and there is no other substantial relief sought in this suit. Crawford v. McDonald, 88 Tex. 630, 33 S. W. 325; Heck v. Martin, 75 Tex. 469, 13 S. W. 51, 16 Am. St. Rep. 915; Carpenter v. Anderson,

33 Tex. Civ. App. 484, 77 S. W. 291; Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 539.

[2] There is no defense set up by proper pleading that might not have been interposed with proper diligence in the suit in which the alleged irregularity occurred, and so the alleged abuse of confidence after so long a time could not be set up to set aside a solemn judgment of a court of competent jurisdiction. Appellants are charged with the responsibility of promptly commencing their suit and will not be heard to say as an excuse that they "did not know." Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986; McLane v. S. A. Nat. Bank (Tex. Civ. App.) 68 S. W. 63; Crawford v. McDonald, 88 Tex. 630, 33 S. W. 325.

The date of the judgment complained of is January 14, 1916, and the land was sold on April 4, 1916, and this suit was filed January 13, 1921.

No facts are alleged that would justify the conclusion that the service originally issued was not good. It was alleged that service on Ysidoro Gonzales was had after return day.

[3, 4] The settled rule of law is that no defense can be set up to avoid a judgment that could have been set up on the trial of the case, if proper diligence had been used, nor would it be available that the answer had been withdrawn without the knowledge of the party and judgment entered against such party. The fact that confidence was imposed in the one withdrawing the answer after a lapse of two years would be no good answer available to set aside a solemn judgment. This upon the theory that every man knows the record to which he was a party after he is brought into court or has proper notice. Watrous v. Rodgers, 16 Tex. 411.

This is an attack collaterally on a judgment to which the interested parties thereto now have no interest in the property sued for, because the parties who recovered that judgment caused its judicial sale. While it is true they are made parties to this suit and the judgment is attacked, this suit has an independent purpose and affects parties who were not parties to the original suit.

This collateral attack, whether because there was no service or because there was some irregularity outside of the record, cannot be sustained in so far as to affect the rights of purchasers under the judgment. There is no other substantial relief sought in this suit.

[5-7] No court other than the district court had the jurisdiction to partition the property upon the facts of this case. The judgment attacked, as we have said, was not absolutely void. If it was, then a suit in trespass to try title was the proper remedy. Newman v. Mackey, 37 Tex. Civ. App. 85, 83 S. W. 33. If not void, then it necessarily follows that appellants have no right to recover the land from those who have no connection with the alleged fraud and irregularities of those connected with the judgment, and who are in no wise charged with the fraud and wrongs committed in procuring the judgment, which does not upon its face appear to be void. Crawford v. McDonald, 88 Tex. 630, 33 S. W. 325.

[8] Error of trial courts can only be reviewed by appeal or writ of error, not by collateral attacks. Moore v. Blagge, 91 Tex. 159, 38 S. W. 979, 41 S. W. 465.

[9] It is contended that the court erred in divesting the minors of title to property. If it was necessary in the judgment of the court to do that in a partition suit, to make an equitable partition of the property between the joint owners, clearly, that was within the power, discretion, and jurisdiction of the district court, which alone could settle such questions. Moor v. Moor (Tex. Civ. App.) 63 S. W. 347.

[10] In this case the court divested the plaintiff of his interest in the property and created a lien on all the property to secure the value of his interest. There was no appeal from that ruling, and it must stand. It was done by the order of the court and is conclusive not only as to the very question decided by the court, but as to all subsidiary issues which the court necessarily passed on. Moor v. Moor, supra; Richardson v. Trout (Tex. Civ. App.) 135 S. W. 677; Parks v. Knox (Tex. Civ. App.) 130 S. W. 204.

[11, 12] Because there were infants or married women in the case, whose interests were disposed of in the partition proceedings, does not render the judgment invalid. The minors in this case were represented by a guardian ad litem, duly appointed by the court, who represented their interests. A compromise judgment agreed to by the guardian ad litem is valid, unless shown to be inequitable or unfair (Johnson v. Johnson, 38 Tex. Civ. App. 385, 85 S. W. 1023, and Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882), and especially so if the judgment does not show on its face a want of service (Jackson v. Wallace [Tex. Com. App.] 252 S. W. 745, and Miller v. McAden [Tex. Civ. App.] 253 S. W. 901).

While the brief of appellants is very lengthy and somewhat prolix, we have gone to much pains and labor to read and understand it. While there is much complication and irregularity in the entire proceeding, we do not believe the petition states a good cause of action or exhibits a sound reason for setting aside the proceedings thereunder.

The judgment of the trial court therefore will be affirmed.