### GRIGGS et al. v. BREWSTER et ux.
### (Motion No. 6577).

Court of Civil Appeals of Texas. Austin.
Nov. 21, 1928.

Appellants' Motion for Rehearing and Rehearing by Guardian ad litem Overruled March 27, 1929.

Wilcox & Graves, of Georgetown, for the motion.

Harry A. Dolan, of Georgetown, and Hart, Patterson & Hart, of Austin, opposed.

BLAIR, J. A judgment for $4,296.63 and for foreclosure of deed of trust and judgment liens on certain lands in satisfaction thereof was rendered in favor of appellees against appellants Osborn L. Griggs and Lois Christine Griggs and others. Appellants are minors, and were in the trial court and are here represented by a guardian ad litem. Their amended motion for a new trial was overruled February 25, 1928, and notice of appeal given and entered of record on that date. But appellants did not file a transcript of the record in this court within 90 days after giving notice of appeal, and therefore appellees move to affirm the judgment on certificate, presenting the required record for that purpose.

Article 2276 of our Statutes provides that a minor appellant, represented by a guardian ad litem, is not required to execute an appeal bond or to make affidavit of inability to pay costs in lieu thereof; and articles 2253 and 2254 provide that where the appellant is not required to give bond, such appeal is perfected by simply giving notice of appeal in the manner therein prescribed.

Appellants are attempting to join other defendants in the judgment in an effort to bring the case before us on writ of error, and, in reply to appellees' motion to affirm on certificate, say that they are entitled to do so notwithstanding notice of appeal was given thereby perfecting an appeal of the case, because (a) they have the right to prosecute their writ of error without giving notice of appeal, and (b) that their failure to prosecute the appeal within the time prescribed by law and their later act attempting to prosecute a writ of error should be construed as an abandonment of the appeal and as an election on their part to bring the case on writ of error.

The law is settled in this state that one cannot perfect an appeal by giving notice and filing an appeal bond, and after time for filing transcript on appeal has expired abandon the appeal and bring his case before the appellate court for review on writ of error. Snelling v. Security Trust Co. (Tex. Civ. App.) 288 S. W. 241. Appellants are in a like position here. They perfected their appeal by giving notice thereof as required by the statutes, and should have prosecuted their appeal within the time required by the statutes. Not having done so, appellants cannot after time for their appeal has expired bring the case before this court on writ of error. It is only where the appeal has not been perfected by giving notice in cases where no appeal bond is required, or by giving notice of appeal and failing to file an appeal bond where such a bond is required, that the appellant will be deemed to have abandoned his appeal entitling him to have his case reviewed on writ of error. Therefore the motion to affirm on certificate will be granted.

Motion granted.