## GRIGGS et al. v. BREWSTER et al.
### (No. 7317.)

Court of Civil Appeals of Texas. Austin.
March 27, 1929.

Rehearing Denied April 24, 1929.

840

See, also, 15 S.W.(2d) 1114.

Harry A. Dolan, of Georgetown, and Hart, Patterson & Hart, of Austin, for plaintiffs in error.

Nunn & Love and Wilcox & Graves, all of Georgetown, for defendants in error.

BLAIR, J. The parties will be designated appellants and appellees. Appellees, Louise Brewster and her husband John A. Brewster, sued W. W. Griggs and wife, Minnie Griggs, and their three children, Lois Christine Griggs and Osborn L. Griggs, who are minors represented herein by a guardian ad litem, and appellants Zelpha T. Davis (née Griggs) and her husband, Leonard Davis, upon notes Nos. 3 to 9, both inclusive, of a series of notes aggregating $3,000, which were executed by W. W. Griggs and wife, Minnie Griggs, and a receiver appointed by the district court of Williamson county, in cause No. 8513, styled Davis Potts v. Zelpha Davis et al., and payable to appellees; and to foreclose a deed of trust executed to secure the payment of the notes on certain lands in Williamson county. W. W. Griggs, and his wife, Minnie Griggs, did not answer and judgment by default was rendered against them, from which no appeal was taken. The two minors, through their guardian ad litem, and appellants herein, Zelpha T. Davis and her husband, Leonard Davis, answered in the nature of a cross-bill attacking the validity of the judgment in cause No. 8513, and the notes and deed of trust executed thereunder, upon several grounds, which will be hereinafter stated; and, at the conclusion of the evidence, the court instructed a verdict for appellees and rendered judgment accordingly.

The minors, Lois Christine Griggs and Osborn L. Griggs, through their guardian ad litem, filed a motion for a new trial, which was overruled and notice of appeal duly given, but the record was not filed in this court within the 90 days allowed by law; whereupon appellees moved to affirm the judgment against these minors on certificate, which motion we granted on a former day of this term [15 S.W.(2d) 1114], holding as follows: "Article 2276 of our statutes provides that a minor appellant, represented by a guardian ad litem, is not required to execute an appeal bond or to make affidavit of inability to pay costs in lieu thereof; and Articles 2253 and 2254 provide that where the appellant is not required to give bond, such appeal is perfected by simply giving notice of appeal in the manner therein prescribed."

A motion for a rehearing is pending in the above matter, which we will consider with this case, because the minors have filed herein an affidavit in lieu of a cost bond, and are attempting to join appellants Zelpha T. Davis and her husband, who are appealing herein by writ of error and in forma pauperis. Appellees insist that they are entitled to an affirmance on certificate as to the minors; but also brief the case as if the minors were proper parties to this appeal, and contend that the judgment should be affirmed as to all parties. We have reached the same conclusion.

The facts and circumstances surrounding the execution of the notes and deed of trust in suit are these: Davis Potts and Marilda Potts were husband and wife. They had no children, and all the property owned by them was community property. On February 16, 1916, Marilda Potts made a written will bequeathing to her husband in fee all her property, except she only gave him a life estate in the 158 acres of land in controversy, and thereafter in fee, to the three above-named Griggs children. The will provided that, after the death of Davis Potts, W. W. Griggs and wife, Minnie Griggs, should have control and management of the 158-acre farm until their youngest child, Lois Christine Griggs, became 21 years of age, and that they should use and enjoy all the revenues arising therefrom. Testatrix named her husband independent executor without bond. On the same day Davis Potts made a written will bequeathing no property in fee to his wife, but gave her a life estate in all his property, and provided that upon her death all his property, except the 158 acres in controversy, should go to his brothers and sisters; but that the 158 acres should pass to the Griggs children in the same manner as provided in his wife's will. He named his wife as independent executrix without bond.

Marilda Potts died November 11, 1918, and, upon the complaint of W. W. Griggs, Davis Potts was served with notice by the county judge of Williamson county to produce and file for probate the above-mentioned will of his deceased wife, which he did. The will was duly probated on January 8, 1919, and Davis Potts qualified as independent executor without bond. The inventory filed showed that deceased and Davis Potts owned four

tracts of land. The first, a small tract, valued at $400, was their homestead, and the three remaining tracts constituted the 158 acres of land in controversy. The entire one-half interest of deceased in all community property was shown to be $3,937.50. There were debts owing by the community estate aggregating $2,530.99. The only property left with which to pay these debts was the 158-acre farm in controversy.

Confronted with these conditions, Davis Potts filed his petition in cause No. 8513, setting up the above facts, and presented for construction both his own will and that of his deceased wife. He prayed that his rights under the wills be determined, and that his right to sell the property in controversy to pay debts of the community estate be adjudicated. Appellants herein, W. W. Griggs and his wife, Minnie Griggs, through their attorney, and their three above-named children, all of whom were minors at the time, through their guardian ad litem, answered in that suit, alleging that the said two wills were mutual wills, vesting in said minors the fee to the 158 acres of land, subject only to a life estate in Davis Potts; that Davis Potts, as executor, was mismanaging and wasting the estate of his deceased wife, and prayed that he be removed as executor and that a receiver be appointed to manage said estate and pay its debts.

Upon these pleadings the parties entered into an agreement, divesting all interest of Davis Potts in the 158-acre farm, and vesting title thereto in appellants as follows: To W. W. Griggs and wife an estate for a term of years from date of judgment until their youngest child, Lois Christine Griggs, should become 21 years of age, with remainder in fee to the said three Griggs children, charged with the sum of $3,000, from which the community debts aggregating $2,530 and costs of administration should first be paid; then the remainder to Davis Potts for his life estate. It was agreed that I. N. Keller would be appointed receiver with power to negotiate a loan on the lands for the $3,000, to pay the debts of the estate, and to pay the remainder to Davis Potts. W. W. Griggs and wife, Minnie Griggs, were to have the rents and revenues from the farm, but were to pay the annual interest accruing on the notes in suit. This agreement was submitted to the court, and, after hearing evidence thereon, the court found the agreement to be a fair and equitable compromise and settlement of all matters in controversy, and for the best interests of the three minor Griggs children, and entered judgment approving and confirming the agreement, from which judgment no appeal was ever taken. Thereafter the receiver appointed borrowed the $3,000 from appellees, and executed the notes and deed of trust here sued on, and, after paying all the debts, paid the remainder, $424.77 to Davis Potts.

Appellants present seventeen propositions which raise the following questions for our determination:

1. That the judgment in cause No. 8513 was void as to the minors, because entered solely upon the agreement of the attorneys in the case, including the guardian ad litem, who could not bind the minors by his agreement. The judgment recites that the court heard evidence relating to the agreement, and found it to be fair and equitable, and for the "best interest of the minors." The evidence is undisputed that witnesses were produced, and that a full and complete hearing was had on all matters pertaining to the agreement and to the interest of the minors in the agreement.

2. That contrary to law the guardians ad litem appointed to represent the minors also represented an adverse party to the suit. The record does not sustain this proposition. The guardians ad litem did not represent W. W. Griggs and wife in cause No. 8513 as charged by appellants. But, even if they had done so, the record conclusively shows that there was no conflict of interest between W. W. Griggs and his wife and their minor children in that suit. Nor was it alleged or proved that the judgment entered was in the least improperly influenced because the guardians ad litem may have represented conflicting interests, and, in absence of such showing, the judgment must stand in this an equitable proceeding to set it aside.

3. That the judgment in cause No. 8513 was unjust and improvident on its face, because it authorized the minors' lands to be incumbered with an indebtedness without providing any means of paying same, except under deed of trust sale or foreclosure proceedings. At most the judgment is only voidable in this respect, and neither the minors nor appellants herein are in position to attack the judgment in this an equitable proceeding, because they have waived such defects or defenses by failing to prosecute an appeal or writ of error within the time prescribed by law. Southern Surety Co. v. Tex. Oil Co. (Tex. Com. App.) 281 S. W. 1045; Green v. Green (Tex. Com. App.) 288 S. W. 406; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Colorado Syndicate v. Alexander (Tex. Civ. App.) 288 S. W. 586; Harn v. Phelps, 65 Tex. 592; Squyres v. Rasmussen (Tex. Civ. App.) 296 S. W. 977.

It is also settled law that the bill of review is an equitable proceeding, and that the party seeking such relief must show that the judgment was procured either by fraud, accident, or mistake, that he had a good defense to the cause of action, and that he was prevented from presenting such defense by reason of the fraud, accident, or mistake. Johnson v. Johnson, 38 Tex. Civ. App. 385, 85 S. W. 1023; Kidd v. Prince (Tex. Civ. App.) 182 S. W. 725, affirmed by Commission of

Appeals, 215 S.,W. 844; Ins. Co. v. Hill (Tex. Com. App.) 276 S. W. 887; Peters v. Allen (Tex. Civ. App.) 296 S. W. 929. These cases also hold that, while it is the duty of courts to protect the interest of minors represented by a guardian ad litem, still no rule of procedure different from that enjoyed by other litigants should be made. It was not alleged or proved that either the court or guardian ad litem acted improperly with reference to the issues or matters involved in that suit, or that the judgment was the result of fraud, accident, or mistake; and the proof is undisputed that the court and guardians ad litem did that which they thought was for the best interest of the minors. The evidence is undisputed that the judgment bound W. W. Griggs and his wife to pay the interest on the notes and the taxes on the farm. They signed and obligated themselves to pay the principal of the notes. It was understood that they were going to pay the notes in order that the lands would be delivered to their children at the appointed time, free of debt. This they undertook to do, and paid the first two notes of the series. The fact that they later defaulted in the payment of the principal of the notes does not as a matter of law render the judgment, which the court and the guardians ad litem honestly believed at the time was for the best interest of the minors, unjust and improvident.

4. That the district court had no jurisdiction in cause No. 8513 because the subject-matter of the suit was business appertaining to the estate of minors, and the district court was without original jurisdiction to hear such matters. Clearly the district court had jurisdiction to construe the wills and determine the interest of the parties to the lands in controversy, and to make proper disposition thereof, which was the subject-matter of this suit. Johnson v. Johnson, 38 Tex. Civ. App. 385, 85 S. W. 1023; Peters v. Allen (Tex. Civ. App.) 296 S. W. 929; Day v. Johnson, 32 Tex. Civ. App. 107, 72 S. W. 426; Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639; Austin v. Bank (Tex. Civ. App.) 275 S. W. 156.

5. That the court was without power or jurisdiction to appoint a receiver in cause No. 8513, to displace the duly appointed executor of the estate of Marilda Potts. In Richardson v. McCloskey, 228 S. W. 323, this court held, in a proceeding similar to the case at bar, that the district court had the power to appoint a receiver to take the assets from the custody of an executor or administrator displacing his authority. The judgment directed the receiver to execute the notes and deed of trust in suit; and, since he executed the notes and deed of trust, they are binding obligations, and are not void, as contended by appellants.

From what has been said, we think the judgment should be affirmed as to all parties defendant, and that the minors' motion for a rehearing in the case to affirm on certificate should be and is overruled.

Affirmed.